# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
WORTH DIVISION
FILED

2023 FEB -6  PM 2: 54

DEPUTY CLERK_____

Jonathan Franklin
Plaintiff

v.

112th Congress
Defendant

**4-23CV-114-P**

Civil Action No.

## COMPLAINT

Budget

\* Attach additional pages as needed.

Date            2-6-23

Signature       G. Franklin

Print Name      Jonathan Franklin

Address         6124 Village Course Circle apt # 212

City, State, Zip  Fort Worth, TX 76119

Telephone       817 ) 323-5417



# UNITED STATES SENATE

## Roll Call Vote 112th Congress - 1st Session

## Vote Summary

XML

**Question:** On the Cloture Motion (Motion to Invoke Cloture on S. 223 )

**Vote Number:** 20        **Vote Date:** February 17, 2011, 02:02 PM

**Required For Majority:** 3/5        **Vote Result:** Cloture Motion Agreed to

**Measure Number:** S. 223 (FAA Air Transportation Modernization and Safety Improvement Act )

**Measure Title:** A bill to modernize the air traffic control system, improve the safety, reliability, and availability of transportation by air in the United States, provide modernization of the air traffic control system, reauthorize the Federal Aviation Administration, and for other purposes.

**Vote Counts:**    YEAs   96
              NAYs   2
              Not Voting   2

*Information compiled through Senate LIS by the Senate bill clerk under the direction of the secretary of the Senate

Vote Summary        By Senator Name        By Vote Position

By Home State                                  **Alphabetical by**

## Senator Name

| | | |
|---|---|---|
| Akaka (D-HI), **Yea** | Cardin (D-MD), **Yea** | Enzi (R-WY), **Yea** |
| Alexander (R-TN), **Yea** | Carper (D-DE), **Yea** | Feinstein (D-CA), **Yea** |
| Ayotte (R-NH), **Yea** | Casey (D-PA), **Yea** | Franken (D-MN), **Yea** |
| Barrasso (R-WY), **Yea** | Chambliss (R-GA), **Yea** | Gillibrand (D-NY), **Yea** |
| Baucus (D-MT), **Yea** | Coats (R-IN), **Yea** | Graham (R-SC), **Yea** |
| Begich (D-AK), **Yea** | Coburn (R-OK), **Yea** | Grassley (R-IA), **Yea** |
| Bennet (D-CO), **Yea** | Cochran (R-MS), **Yea** | Hagan (D-NC), **Yea** |
| Bingaman (D-NM), **Yea** | Collins (R-ME), **Yea** | Harkin (D-IA), **Yea** |
| Blumenthal (D-CT), **Yea** | Conrad (D-ND), **Yea** | Hatch (R-UT), **Yea** |
| Blunt (R-MO), **Yea** | Coons (D-DE), **Yea** | Hoeven (R-ND), **Yea** |
| Boozman (R-AR), **Yea** | Corker (R-TN), **Yea** | Hutchison (R-TX), **Yea** |
| Boxer (D-CA), **Yea** | Cornyn (R-TX), **Yea** | Inhofe (R-OK), **Yea** |
| Brown (D-OH), **Yea** | Crapo (R-ID), **Yea** | Inouye (D-HI), **Yea** |
| Brown (R-MA), **Yea** | DeMint (R-SC), **Nay** | Isakson (R-GA), **Yea** |
| Burr (R-NC), **Yea** | Durbin (D-IL), **Yea** | Johanns (R-NE), **Yea** |
| Cantwell (D-WA), **Yea** | Ensign (R-NV), **Yea** | Johnson (D-SD), **Yea** |

| | | |
|---|---|---|
| Johnson (R-WI), **Yea** | Merkley (D-OR), **Yea** | Sessions (R-AL), **Yea** |
| Kerry (D-MA), **Not Voting** | Mikulski (D-MD), **Yea** | Shaheen (D-NH), **Yea** |
| Kirk (R-IL), **Yea** | Moran (R-KS), **Yea** | Shelby (R-AL), **Yea** |
| Klobuchar (D-MN), **Yea** | Murkowski (R-AK), **Yea** | Snowe (R-ME), **Yea** |
| Kohl (D-WI), **Yea** | Murray (D-WA), **Yea** | Stabenow (D-MI), **Yea** |
| Kyl (R-AZ), **Yea** | Nelson (D-FL), **Yea** | Tester (D-MT), **Yea** |
| Landrieu (D-LA), **Yea** | Nelson (D-NE), **Yea** | Thune (R-SD), **Yea** |
| Lautenberg (D-NJ), **Yea** | Paul (R-KY), **Nay** | Toomey (R-PA), **Yea** |
| Leahy (D-VT), **Yea** | Portman (R-OH), **Yea** | Udall (D-CO), **Yea** |
| Lee (R-UT), **Yea** | Pryor (D-AR), **Yea** | Udall (D-NM), **Yea** |
| Levin (D-MI), **Yea** | Reed (D-RI), **Yea** | Vitter (R-LA), **Not Voting** |
| Lieberman (ID-CT), **Yea** | Reid (D-NV), **Yea** | Warner (D-VA), **Yea** |
| Lugar (R-IN), **Yea** | Risch (R-ID), **Yea** | Webb (D-VA), **Yea** |
| Manchin (D-WV), **Yea** | Roberts (R-KS), **Yea** | Whitehouse (D-RI), **Yea** |
| McCain (R-AZ), **Yea** | Rockefeller (D-WV), **Yea** | Wicker (R-MS), **Yea** |
| McCaskill (D-MO), **Yea** | Rubio (R-FL), **Yea** | Wyden (D-OR), **Yea** |
| McConnell (R-KY), **Yea** | Sanders (I-VT), **Yea** | |
| Menendez (D-NJ), **Yea** | Schumer (D-NY), **Yea** | |

| Vote Summary | By Senator Name | By Vote Position | |
|---|---|---|---|
| By Home State | | | **Grouped By Vote** |

## Position

### YEAs ---96

| | | |
|---|---|---|
| Akaka (D-HI) | Collins (R-ME) | Johnson (D-SD) |
| Alexander (R-TN) | Conrad (D-ND) | Johnson (R-WI) |
| Ayotte (R-NH) | Coons (D-DE) | Kirk (R-IL) |
| Barrasso (R-WY) | Corker (R-TN) | Klobuchar (D-MN) |
| Baucus (D-MT) | Cornyn (R-TX) | Kohl (D-WI) |
| Begich (D-AK) | Crapo (R-ID) | Kyl (R-AZ) |
| Bennet (D-CO) | Durbin (D-IL) | Landrieu (D-LA) |
| Bingaman (D-NM) | Ensign (R-NV) | Lautenberg (D-NJ) |
| Blumenthal (D-CT) | Enzi (R-WY) | Leahy (D-VT) |
| Blunt (R-MO) | Feinstein (D-CA) | Lee (R-UT) |
| Boozman (R-AR) | Franken (D-MN) | Levin (D-MI) |
| Boxer (D-CA) | Gillibrand (D-NY) | Lieberman (ID-CT) |
| Brown (D-OH) | Graham (R-SC) | Lugar (R-IN) |
| Brown (R-MA) | Grassley (R-IA) | Manchin (D-WV) |
| Burr (R-NC) | Hagan (D-NC) | McCain (R-AZ) |
| Cantwell (D-WA) | Harkin (D-IA) | McCaskill (D-MO) |
| Cardin (D-MD) | Hatch (R-UT) | McConnell (R-KY) |
| Carper (D-DE) | Hoeven (R-ND) | Menendez (D-NJ) |
| Casey (D-PA) | Hutchison (R-TX) | Merkley (D-OR) |
| Chambliss (R-GA) | Inhofe (R-OK) | Mikulski (D-MD) |
| Coats (R-IN) | Inouye (D-HI) | Moran (R-KS) |
| Coburn (R-OK) | Isakson (R-GA) | Murkowski (R-AK) |
| Cochran (R-MS) | Johanns (R-NE) | Murray (D-WA) |

| | | |
|---|---|---|
| Nelson (D-FL) | Rubio (R-FL) | Thune (R-SD) |
| Nelson (D-NE) | Sanders (I-VT) | Toomey (R-PA) |
| Portman (R-OH) | Schumer (D-NY) | Udall (D-CO) |
| Pryor (D-AR) | Sessions (R-AL) | Udall (D-NM) |
| Reed (D-RI) | Shaheen (D-NH) | Warner (D-VA) |
| Reid (D-NV) | Shelby (R-AL) | Webb (D-VA) |
| Risch (R-ID) | Snowe (R-ME) | Whitehouse (D-RI) |
| Roberts (R-KS) | Stabenow (D-MI) | Wicker (R-MS) |
| Rockefeller (D-WV) | Tester (D-MT) | Wyden (D-OR) |

**NAYs ---2**

DeMint (R-SC)
Paul (R-KY)

**Not Voting - 2**

Kerry (D-MA)
Vitter (R-LA)

| Vote Summary | By Senator Name | By Vote Position |
|---|---|---|
| By Home State | | **Grouped by** |

## Home State

**Alabama:**

| | |
|---|---|
| Sessions (R-AL), **Yea** | Shelby (R-AL), **Yea** |

**Alaska:**

| | |
|---|---|
| Begich (D-AK), **Yea** | Murkowski (R-AK), **Yea** |

**Arizona:**

| | |
|---|---|
| Kyl (R-AZ), **Yea** | McCain (R-AZ), **Yea** |

**Arkansas:**

| | |
|---|---|
| Boozman (R-AR), **Yea** | Pryor (D-AR), **Yea** |

**California:**

| | |
|---|---|
| Boxer (D-CA), **Yea** | Feinstein (D-CA), **Yea** |

**Colorado:**

| | |
|---|---|
| Bennet (D-CO), **Yea** | Udall (D-CO), **Yea** |

**Connecticut:**

| | |
|---|---|
| Blumenthal (D-CT), **Yea** | Lieberman (ID-CT), **Yea** |

**Delaware:**

| | |
|---|---|
| Carper (D-DE), **Yea** | Coons (D-DE), **Yea** |

**Florida:**

| | |
|---|---|
| Nelson (D-FL), **Yea** | Rubio (R-FL), **Yea** |

**Georgia:**

| | |
|---|---|
| Chambliss (R-GA), **Yea** | Isakson (R-GA), **Yea** |

**Hawaii:**

| | |
|---|---|
| Akaka (D-HI), **Yea** | Inouye (D-HI), **Yea** |

**Idaho:**

| | |
|---|---|
| Crapo (R-ID), **Yea** | Risch (R-ID), **Yea** |

**Illinois:**

| | |
|---|---|
| Durbin (D-IL), **Yea** | Kirk (R-IL), **Yea** |

**Indiana:**

Case 4:23-cv-00114-P-BJ    Document 1    Filed 02/06/23    Page 5 of 41    PageID 5

**Oregon:**

Merkley (D-OR), **Yea**          Wyden (D-OR), **Yea**

**Pennsylvania:**

Casey (D-PA), **Yea**          Toomey (R-PA), **Yea**

**Rhode Island:**

Reed (D-RI), **Yea**          Whitehouse (D-RI), **Yea**

**South Carolina:**

DeMint (R-SC), **Nay**          Graham (R-SC), **Yea**

**South Dakota:**

Johnson (D-SD), **Yea**          Thune (R-SD), **Yea**

**Tennessee:**

Alexander (R-TN), **Yea**          Corker (R-TN), **Yea**

**Texas:**

Cornyn (R-TX), **Yea**          Hutchison (R-TX), **Yea**

**Utah:**

Hatch (R-UT), **Yea**          Lee (R-UT), **Yea**

**Vermont:**

Leahy (D-VT), **Yea**          Sanders (I-VT), **Yea**

**Virginia:**

Warner (D-VA), **Yea**          Webb (D-VA), **Yea**

**Washington:**

Cantwell (D-WA), **Yea**          Murray (D-WA), **Yea**

**West Virginia:**

Manchin (D-WV), **Yea**          Rockefeller (D-WV), **Yea**

**Wisconsin:**

Johnson (R-WI), **Yea**          Kohl (D-WI), **Yea**

**Wyoming:**

Barrasso (R-WY), **Yea**          Enzi (R-WY), **Yea**

Vote Summary       By Senator Name       By Vote Position

By Home State

Coats (R-IN), **Yea**                 Lugar (R-IN), **Yea**

**Iowa:**

Grassley (R-IA), **Yea**              Harkin (D-IA), **Yea**

**Kansas:**

Moran (R-KS), **Yea**                 Roberts (R-KS), **Yea**

**Kentucky:**

McConnell (R-KY), **Yea**             Paul (R-KY), **Nay**

**Louisiana:**

Landrieu (D-LA), **Yea**              Vitter (R-LA), **Not Voting**

**Maine:**

Collins (R-ME), **Yea**               Snowe (R-ME), **Yea**

**Maryland:**

Cardin (D-MD), **Yea**                Mikulski (D-MD), **Yea**

**Massachusetts:**

Brown (R-MA), **Yea**                 Kerry (D-MA), **Not Voting**

**Michigan:**

Levin (D-MI), **Yea**                 Stabenow (D-MI), **Yea**

**Minnesota:**

Franken (D-MN), **Yea**               Klobuchar (D-MN), **Yea**

**Mississippi:**

Cochran (R-MS), **Yea**               Wicker (R-MS), **Yea**

**Missouri:**

Blunt (R-MO), **Yea**                 McCaskill (D-MO), **Yea**

**Montana:**

Baucus (D-MT), **Yea**                Tester (D-MT), **Yea**

**Nebraska:**

Johanns (R-NE), **Yea**               Nelson (D-NE), **Yea**

**Nevada:**

Ensign (R-NV), **Yea**                Reid (D-NV), **Yea**

**New Hampshire:**

Ayotte (R-NH), **Yea**                Shaheen (D-NH), **Yea**

**New Jersey:**

Lautenberg (D-NJ), **Yea**            Menendez (D-NJ), **Yea**

**New Mexico:**

Bingaman (D-NM), **Yea**              Udall (D-NM), **Yea**

**New York:**

Gillibrand (D-NY), **Yea**            Schumer (D-NY), **Yea**

**North Carolina:**

Burr (R-NC), **Yea**                  Hagan (D-NC), **Yea**

**North Dakota:**

Conrad (D-ND), **Yea**                Hoeven (R-ND), **Yea**

**Ohio:**

Brown (D-OH), **Yea**                 Portman (R-OH), **Yea**

**Oklahoma:**

Coburn (R-OK), **Yea**                Inhofe (R-OK), **Yea**

| | | | | | | |
|---|---|---|---|---|---|---|
| Jul 12 | S.3369 | A bill to provide for additional disclosure requirements for corporations, labor organizations, Super PACs and other entities<br>   motion to proceed<br>   Vote No. 179 reconsidered | Reid | Jul 16<br>Jul 17 | 51 - 44 No. 179<br>53 - 45  No. 180 | F<br>F |
| Jul 11 | S.2237 | Small Business Jobs and Tax Relief Act | Reid | Jul 12 | 53 - 44 No. 177 | F |
| Jul 11 | S.2237 | Small Business Jobs and Tax Relief Act<br>   S.Amdt.2521 | Reid | Jul 12 | 57 - 41 No. 176 | F |
| Jun 29 | S.2237 | Small Business Jobs and Tax Relief Act<br>   motion to proceed | Reid | Jul 10 | 80 - 14 No. 174 | I |
| Jun 21 | S.3187 | Food and Drug Administration Safety and Innovation Act<br>   motion to concur in the House amendment | Reid | Jun 25 | 89 - 3 No. 166 | I |
| Jun 20 | S.1940 | Flood Insurance Reform and Modernization Act<br>   motion to proceed | Reid | Jun 21 | 96 - 2 No. 165 | I |
| Jun 7 | PN1104 | Judicial nominee Andrew David Hurwitz | Reid | Jun 11 | 60 - 31 No. 118 | I |
| Jun 5 | S.3240 | Agriculture Reform, Food, and Jobs Act of 2012<br>   motion to proceed | Reid | Jun 7 | 90 - 8 No. 117 | I |
| May 24 | S.3220 | Paycheck Fairness Act<br>   motion to proceed | Reid | Jun 5 | 52 - 47 No. 115 | F |
| May 17 | S.3187 | FDA User Fee Bill<br>   motion to proceed | Reid | May 21 | UC | W |
| May 17 | PN1049 | Judicial nominee Paul J. Watford | Reid | May 21 | UC | W |
| May 15 | PN1226 | Nominee Jerome H. Powell | Reid | May 16 | UC | V |
| May 15 | PN1225 | Nominee Jeremy C. Stein | Reid | May 16 | UC | V |
| May 10 | H.R.2072 | Export-Import Bank Reauthorization Act of 2012<br>   motion to proceed | Reid | May 14 | UC | W |
| Apr 26 | S.2343 | Stop the Student Loan Interest Rate Hike Act of 2012<br>   motion to proceed | Reid | May 8 | 52 - 45 No. 89 | F |
| Apr 17 | S.1789 | 21st Century Postal Services Act | Reid | Apr 19 | UC | W |
| Apr 17 | S.1789 | 21st Century Postal Services Act<br>   S.Amdt.2000 | Reid | Apr 19 | UC | W |
| Mar 29 | S.2230 | Paying a Fair Share Act of 2012<br>   motion to proceed | Reid | Apr 16 | 51 - 45 No. 65 | F |
| Mar 27 | S.2204 | Repeal Big Oil Tax Subsidies Act | Reid | Mar 29 | 51 - 47 No. 63 | F |
| Mar 22 | S.1789 | 21st Century Postal Services Act<br>   motion to proceed<br>   Vote No. 60 reconsidered | Reid | Mar 27<br>Apr 17 | 51 - 46 No. 60<br>74 - 22  No. 66 | F<br>I |
| Mar 22 | S.2204 | Repeal Big Oil Tax Subsidies Act<br>   motion to proceed | Reid | Mar 26 | 92 - 4 No. 59 | I |
| Mar 20 | S.2038 | Stop Trading on Congressional Knowledge Act<br>   motion to concur in the House amendment | Reid | Mar 22 | 96 - 3 No. 56 | I |
| Mar 15 | H.R.3606 | Reopening American Capital Markets to Emerging Growth Companies Act of 2011 | Reid | Mar 21 | 76 - 22 No. 53 | I |

| Mar 15 | H.R.3606 | Reopening American Capital Markets to Emerging Growth Companies Act of 2011  S.Amdt.1836 | Reid | Mar 20 | 55 - 44 No. 52 | F |
| Mar 15 | H.R.3606 | Reopening American Capital Markets to Emerging Growth Companies Act of 2011  S.Amdt.1833 | Reid | Mar 20 | 54 - 45 No. 51 | F |
| Mar 12 | PN1131 | Judicial nominee Timothy S. Hillman | Reid | Mar 14 | UC | W |
| Mar 12 | PN349 | Judicial nominee Mary Geiger Lewis | Reid | Mar 14 | UC | W |
| Mar 12 | PN525 | Judicial nominee Jeffrey J. Helmick | Reid | Mar 14 | UC | W |
| Mar 12 | PN1118 | Judicial nominee John J. Tharp, Jr. | Reid | Mar 14 | UC | W |
| Mar 12 | PN1117 | Judicial nominee George Levi Russell, III | Reid | Mar 14 | UC | W |
| Mar 12 | PN1116 | Judicial nominee John Z. Lee | Reid | Mar 14 | UC | W |
| Mar 12 | PN1105 | Judicial nominee Kristine Gerhard Baker | Reid | Mar 14 | UC | W |
| Mar 12 | PN986 | Judicial nominee Brian C. Wimes | Reid | Mar 14 | UC | W |
| Mar 12 | PN937 | Judicial nominee David Campos Guaderrama | Reid | Mar 14 | UC | W |
| Mar 12 | PN920 | Judicial nominee Gregg Jeffrey Costa | Reid | Mar 14 | UC | W |
| Mar 12 | PN633 | Judicial nominee Susie Morgan | Reid | Mar 14 | UC | W |
| Mar 12 | PN865 | Judicial nominee Miranda Du | Reid | Mar 14 | UC | W |
| Mar 12 | PN858 | Judicial nominee Rudolph Contreras | Reid | Mar 14 | UC | W |
| Mar 12 | PN857 | Judicial nominee Ronnie Abrams | Reid | Mar 14 | UC | W |
| Mar 12 | PN786 | Judicial nominee Michael Walter Fitzgerald | Reid | Mar 14 | UC | W |
| Mar 12 | PN735 | Judicial nominee David Nuffer | Reid | Mar 14 | UC | W |
| Mar 12 | PN566 | Judicial nominee Gina Marie Groh | Reid | Mar 14 | UC | W |
| Mar 2 | S.1813 | Federal-aid highway and highway safety construction programs reauthorization | Reid | Mar 6 | UC | W |
| Mar 2 | S.1813 | Federal-aid highway and highway safety construction programs reauthorization  S.Amdt.1761 | Reid | Mar 6 | 52 - 44 No. 25 | F |
| Feb 15 | PN632 | Judicial nominee Jesse M. Furman | Reid | Feb 17 | UC | W |
| Feb 15 | S.1813 | Federal-aid highway and highway safety construction programs reauthorization  S.Amdt.1633 | Reid | Feb 17 | 54 - 42 No. 20 | F |
| Feb 9 | PN864 | Judicial nominee Adalberto Jose Jordan | Reid | Feb 13 | 89 - 5 No. 18 | I |
| Feb 7 | S.1813 | Federal-aid highway and highway safety construction programs reauthorization  motion to proceed | Reid | Feb 9 | 85 - 11 No. 17 | I |
| Jan 26 | S.2038 | Stop Trading on Congressional Knowledge Act  motion to proceed | Reid | Jan 30 | 93 - 2 No. 3 | I |
| | | | | | | |
| **Motions Filed in 2011** | | | | **Action and Result** | | |
| **Date** | **Measure** | **Subject** | **Filed By** | **Date** | **Vote** | **Result** |

| Dec 17 | S.968 | Preventing Real Online Threats to Economic Creativity and Theft of Intellectual Property<br>   motion to proceed | Reid | Jan 23 | UC | W |
|---|---|---|---|---|---|---|
| Dec 15 | H.R.3630 | Middle Class Tax Relief and Job Creation Act of 2011<br>   motion to proceed | Reid | Dec 16 | UC | W |
| Dec 8 | PN267 | Nominee Mari Carmen Aponte<br>   Vote No. 227 reconsidered | Reid | Dec 12<br>Jun 14 | 49 - 37 No. 227<br>62 - 37 No. 121 | F<br>I |
| Dec 8 | PN113 | Nominee Norman L. Eisen | Reid | Dec 12 | 70 - 16 No. 226 | I |
| Dec 7 | S.1944 | Middle Class Tax Cut Act of 2011<br>   motion to proceed | Reid | Dec 8 | UC | V |
| Dec 6 | PN784 | Nominee Richard Cordray | Reid | Dec 8 | 53 - 45 No. 223 | F |
| Dec 1 | PN05 | Judicial nominee Caitlin Joan Halligan | Reid | Dec 6 | 54 - 45 No. 222 | F |
| Nov 30 | S.1917 | A bill to create jobs by providing payroll tax relief for middle class families and businesses<br>   motion to proceed | Reid | Dec 1 | UC | W |
| Nov 28 | S.1867 | National Defense Authorization Act for Fiscal Year 2012 | Reid | Nov 30 | 88 - 12 No. 212 | I |
| Nov 8 | H.R.2354 | Energy and Water Development and Related Agencies Appropriations<br>   motion to proceed | Reid | Nov 10 | 81 - 14 No. 205 | I |
| Nov 3 | H.R.674 | 3% Withholding Repeal and Job Creation Act<br>   motion to proceed | Reid | Nov 7 | 94 - 1 No. 198 | I |
| Nov 1 | S.1769 | Rebuild America Jobs Act<br>   motion to proceed | Reid | Nov 2 | UC | W |
| Oct 19 | H.R.2112 | Agriculture, Rural Development, Food and Drug Administration, and Related Agencies Appropriations | Reid | Nov 1 | no vote | N |
| Oct 19 | H.R.2112 | Agriculture, Rural Development, Food and Drug Administration, and Related Agencies Appropriations<br>   S.Amdt.738 | Reid | Oct 20 | 82 - 16 No. 187 | I |
| Oct 19 | S.1726 | Withholding Tax Relief Act of 2011<br>   motion to proceed | McConnell | Oct 20 | 57 - 43 No. 178 | F |
| Oct 19 | S.1723 | Teachers and First Responders Back to Work Act of 2011<br>   motion to proceed | Reid | Oct 20 | 50 - 50 No. 177 | F |
| Oct 6 | S.1660 | American Jobs Act of 2011<br>   motion to proceed | Reid | Oct 11 | 50 - 49 No. 160 | F |
| Oct 4 | S.1619 | Currency Exchange Rate Oversight Reform Act | Reid | Oct 6 | 62 - 38 No. 156 | I |
| Sep 26 | S.1619 | Currency Exchange Rate Oversight Reform Act<br>   motion to proceed | Reid | Oct 3 | 79 - 19 No. 155 | I |
| Sep 23 | H.R.2608 | Continuing Appropriations Act, 2012<br>   motion to concur in the House amendment to the Senate amendment | Reid | Sep 26 | 54 - 35 No. 152 | F |
| Sep 16 | H.R.2832 | To extend the Generalized System of Preferences<br>   motion to proceed | Reid | Sep 19 | 84 - 8 No. 139 | I |

| | | | | | | |
|---|---|---|---|---|---|---|
| Sep 14 | H.J.Res.66 | Approving the renewal of import restrictions contained in the Burmese Freedom and Democracy Act of 2003 | Reid | Sep 15 | no vote | N |
| Sep 14 | H.J.Res.66 | Approving the renewal of import restrictions contained in the Burmese Freedom and Democracy Act of 2003   S.Amdt.602 | Reid | Sep 15 | no vote | N |
| Sep 9 | H.J.Res.66 | Approving the renewal of import restrictions contained in the Burmese Freedom and Democracy Act of 2003   motion to proceed   Vote No. 131 reconsidered | Reid | Sep 12 Sep 13 | 53 - 33 No. 131 61 - 38  No. 132 | F I |
| Aug 2 | H.R.1249 | Leahy-Smith America Invents Act   motion to proceed | Reid | Sep 6 | 93 - 5 No. 125 | I |
| Jul 29 | S.627 | Budget Control Act of 2011   motion to concur in the House amendment with an amendment No. 589 | Reid | Jul 31 | 50 - 49 No. 122 | F |
| Jul 14 | H.R.2055 | Military Construction and Veterans Affairs, and Related Agencies Appropriations Act, 2012   motion to waive the points of order under section 303 of the Congressional Budget Act of 1974 for H.R. 2055, any amendments thereto and motions thereon | Johnson (SD) | Jul 14 | 71 - 26 No. 110 | I |
| Jul 11 | H.R.2055 | Military Construction and Veterans Affairs, and Related Agencies Appropriations Act, 2012   motion to proceed | Reid | Jul 13 | 89 - 11 No. 109 | I |
| Jul 11 | S.1323 | A bill to express the sense of the Senate on shared sacrifice in resolving the budget deficit | Reid | Jul 13 | 51 - 49 No. 108 | F |
| Jul 5 | S.1323 | A bill to express the sense of the Senate on shared sacrifice in resolving the budget deficit   motion to proceed | Reid | Jul 7 | 74 - 22 No. 106 | I |
| Jun 30 | S.J.Res.20 | Authorizing the limited use of the United States Armed Forces in support of the NATO mission in Libya   motion to proceed | Reid | Jul 5 | UC | V |
| Jun 16 | S.679 | Presidential Appointment Efficiency and Streamlining Act of 2011   motion to proceed | Reid | Jun 22 | UC | W |
| Jun 16 | S.782 | Economic Development Revitalization Act of 2011 | Reid | Jun 21 | 49 - 51 No. 94 | F |
| Jun 9 | S.782 | Economic Development Revitalization Act of 2011   S.Amdt.436 | Coburn | Jun 14 | 40 - 59 No. 89 | F |
| Jun 6 | S.782 | Economic Development Revitalization Act of 2011   motion to proceed | Reid | Jun 7 | UC | W |
| May 26 | PN97 | Nominee Donald B. Verrilli, Jr. | Klobuchar | Jun 6 | UC | V |
| May 24 | S.990 | Legislative vehicle for the PATRIOT Act extension   motion to concur in the House amendment with an amendment No. 347 | Reid | May 26 | 79 - 18 No. 81 | I |

| | | | | | | |
|---|---|---|---|---|---|---|
| May 19 | S.1038 | PATRIOT Sunsets Extension Act of 2011<br>motion to proceed | Reid | May 23 | 74 - 8 No. 75 | I |
| May 17 | PN3 | Judicial nominee Goodwin Liu | Reid | May 19 | 52 - 43 No. 74 | F |
| May 5 | PN49 | Nominee James Michael Cole | Reid | May 9 | 50 - 40 No. 67 | F |
| May 2 | PN32 | Judicial nominee John J. McConnell, Jr. | Reid | May 4 | 63 - 33 No. 65 | I |
| May 2 | S.493 | SBIR/STTR Reauthorization Act of 2011 | Reid | May 4 | 52 - 44 No. 64 | F |
| Mar 10 | S.493 | SBIR/STTR Reauthorization Act of 2011<br>motion to proceed | Reid | Mar 14 | 84 - 12 No. 40 | I |
| Mar 4 | H.R.1 | Full-Year Continuing Appropriations Act, FY2011<br>motion to proceed | Reid | Mar 8 | UC | V |
| Mar 3 | S.23 | Patent Reform Act | Reid | Mar 7 | 87 - 3 No. 34 | I |
| Feb 28 | H.R.359 | Termination of Taxpayer Financing of Presidential<br>Election Campaigns<br>motion to proceed | Reid | Mar 1 | UC | V |
| Feb 15 | S.223 | FAA Air Transportation Modernization and Safety<br>Improvement Act | Reid | Feb 17 | 96 - 2 No. 20 | I |
| Feb 15 | S.223 | FAA Air Transportation Modernization and Safety<br>Improvement Act<br>S.Amdt.7 | Hutchison | Feb 17 | UC | V |

**Vote Key:** 61-32 No. 2 (for example) - tally and Roll Call Vote number; UC - Unanimous Consent.

**Result Key:** F - Failed; I - Invoked; N - No action; V - Vitiated; W - Withdrawn.

[112th Congress Public Law 25]
[From the U.S. Government Printing Office]


[[Page 239]]

                    BUDGET CONTROL ACT OF 2011

[[Page 125 STAT. 240]]

Public Law 112-25
112th Congress

                            An Act


    To provide for budget control. <<NOTE: Aug. 2, 2011 - [S. 365]>>

    Be it enacted by the Senate and House of Representatives of the
United States of America in Congress assembled, <<NOTE: Budget Control
Act of 2011.>>
SECTION 1. SHORT TITLE; TABLE OF CONTENTS.

    (a) Short Title.--This <<NOTE: 2 USC 900 note.>> Act may be cited as
the ``Budget Control Act of 2011''.

    (b) Table of Contents.--The table of contents for this Act is as
follows:

Sec. 1. Short title; table of contents.
Sec. 2. Severability.

        TITLE I--TEN-YEAR DISCRETIONARY CAPS WITH SEQUESTER

Sec. 101. Enforcing discretionary spending limits.
Sec. 102. Definitions.
Sec. 103. Reports and orders.
Sec. 104. Expiration.
Sec. 105. Amendments to the Congressional Budget and Impoundment Control
            Act of 1974.
Sec. 106. Senate budget enforcement.

        TITLE II--VOTE ON THE BALANCED BUDGET AMENDMENT

Sec. 201. Vote on the balanced budget amendment.
Sec. 202. Consideration by the other House.

        TITLE III--DEBT CEILING DISAPPROVAL PROCESS

Sec. 301. Debt ceiling disapproval process.
Sec. 302. Enforcement of budget goal.

        TITLE IV--JOINT SELECT COMMITTEE ON DEFICIT REDUCTION

Sec. 401. Establishment of Joint Select Committee.
Sec. 402. Expedited consideration of joint committee recommendations.
Sec. 403. Funding.
Sec. 404. Rulemaking.

        TITLE V--PELL GRANT AND STUDENT LOAN PROGRAM CHANGES

Sec. 501. Federal Pell grants.

Case 4:23-cv-00114-P   Document 1   Filed 02/06/23   Page 13 of 41   PageID 13

Sec. 502. Termination of authority to subsidize interest on loans to
          graduate and professional students.
Sec. 503. Termination of direct loan repayment incentives.
Sec. 504. Inapplicability of title IV negotiated rulemaking and master
          calendar exception.

SEC. 2. <<NOTE: 2 USC 900 note.>> SEVERABILITY.

    If any provision of this Act, or any application of such provision
to any person or circumstance, is held to be unconstitutional, the
remainder of this Act and the application of this Act to any other
person or circumstance shall not be affected.

[[Page 125 STAT. 241]]

        TITLE I--TEN-YEAR DISCRETIONARY CAPS WITH SEQUESTER

SEC. 101. ENFORCING DISCRETIONARY SPENDING LIMITS.

    Section 251 of the Balanced Budget and Emergency Deficit Control Act
of 1985 <<NOTE: 2 USC 901.>>  is amended to read as follows:
``SEC. 251. ENFORCING DISCRETIONARY SPENDING LIMITS.

    ``(a) Enforcement.--
        ``(1) Sequestration.--Within <<NOTE: Deadline.>> 15 calendar
    days after Congress adjourns to end a session there shall be a
    sequestration to eliminate a budget-year breach, if any, within
    any category.
        ``(2) Eliminating a breach.--Each non-exempt account within
    a category shall be reduced by a dollar amount calculated by
    multiplying the enacted level of sequestrable budgetary
    resources in that account at that time by the uniform percentage
    necessary to eliminate a breach within that category.
        ``(3) Military personnel.--If the President uses the
    authority to exempt any personnel account from sequestration
    under section 255(f), each account within subfunctional category
    051 (other than those military personnel accounts for which the
    authority provided under section 255(f) has been exercised)
    shall be further reduced by a dollar amount calculated by
    multiplying the enacted level of non-exempt budgetary resources
    in that account at that time by the uniform percentage necessary
    to offset the total dollar amount by which outlays are not
    reduced in military personnel accounts by reason of the use of
    such authority.
        ``(4) Part-year appropriations.--If, on the date specified
    in paragraph (1), there is in effect an Act making or continuing
    appropriations for part of a fiscal year for any budget account,
    then the dollar sequestration calculated for that account under
    paragraphs (2) and (3) shall be subtracted from--
                ``(A) the annualized amount otherwise available by
            law in that account under that or a subsequent part-year
            appropriation; and
                ``(B) when a full-year appropriation for that
            account is enacted, from the amount otherwise provided
            by the full-year appropriation for that account.
        ``(5) Look-back.--If, after June 30, an appropriation for
    the fiscal year in progress is enacted that causes a breach
    within a category for that year (after taking into account any
    sequestration of amounts within that category), the
    discretionary spending limits for that category for the next
    fiscal year shall be reduced by the amount or amounts of that
    breach.
        ``(6) Within-session sequestration.--
    If <<NOTE: Deadline.>> an appropriation for a fiscal year in
    progress is enacted (after Congress adjourns to end the session

for that budget year and before the next year.) that
causes a breach within a category for that year (after taking
into account any prior sequestration of amounts within that
category), 15 days later there shall be a sequestration to
eliminate that breach within that category following the
procedures set forth in paragraphs (2) through (4).
        ``(7) Estimates.--

[[Page 125 STAT. 242]]

            ``(A) CBO estimates.--As soon as practicable after
        Congress completes action on any discretionary
        appropriation, CBO, after consultation with the
        Committees on the Budget of the House of Representatives
        and the Senate, shall provide OMB with an estimate of
        the amount of discretionary new budget authority and
        outlays for the current year, if any, and the budget
        year provided by that legislation.
            ``(B) OMB estimates and explanation of
        differences.--Not <<NOTE: Deadline. Reports.>> later
        than 7 calendar days (excluding Saturdays, Sundays, and
        legal holidays) after the date of enactment of any
        discretionary appropriation, OMB shall transmit a report
        to the House of Representatives and to the Senate
        containing the CBO estimate of that legislation, an OMB
        estimate of the amount of discretionary new budget
        authority and outlays for the current year, if any, and
        the budget year provided by that legislation, and an
        explanation of any difference between the 2 estimates.
        If <<NOTE: Consultation.>> during the preparation of the
        report OMB determines that there is a significant
        difference between OMB and CBO, OMB shall consult with
        the Committees on the Budget of the House of
        Representatives and the Senate regarding that difference
        and that consultation shall include, to the extent
        practicable, written communication to those committees
        that affords such committees the opportunity to comment
        before the issuance of the report.
            ``(C) Assumptions and guidelines.--OMB estimates
        under this paragraph shall be made using current
        economic and technical assumptions. OMB shall use the
        OMB estimates transmitted to the Congress under this
        paragraph. OMB and CBO shall prepare estimates under
        this paragraph in conformance with scorekeeping
        guidelines determined after consultation among the
        Committees on the Budget of the House of Representatives
        and the Senate, CBO, and OMB.
            ``(D) Annual appropriations.--For purposes of this
        paragraph, amounts provided by annual appropriations
        shall include any discretionary appropriations for the
        current year, if any, and the budget year in accounts
        for which funding is provided in that legislation that
        result from previously enacted legislation.

    ``(b) Adjustments to Discretionary Spending Limits.--
        ``(1) Concepts and definitions.--When the President submits
    the budget under section 1105 of title 31, United States Code,
    OMB shall calculate and the budget shall include adjustments to
    discretionary spending limits (and those limits as cumulatively
    adjusted) for the budget year and each outyear to reflect
    changes in concepts and definitions. Such changes shall equal
    the baseline levels of new budget authority and outlays using
    up-to-date concepts and definitions, minus those levels using
    the concepts and definitions in effect before such changes. Such
    changes may only be made after consultation with the Committees

on Appropriations and the Budget of the House of Representatives
and the Senate, and that consultation shall include written
communication to such committees that affords such committees
the opportunity to comment before official action is taken with
respect to such changes.

[[Page 125 STAT. 243]]

        ``(2) Sequestration reports.--When OMB submits a
sequestration report under section 254(e), (f), or (g) for a
fiscal year, OMB shall calculate, and the sequestration report
and subsequent budgets submitted by the President under section
1105(a) of title 31, United States Code, shall include
adjustments to discretionary spending limits (and those limits
as adjusted) for the fiscal year and each succeeding year, as
follows:
            ``(A) Emergency appropriations; overseas contingency
        operations/global war on terrorism.--If, for any fiscal
        year, appropriations for discretionary accounts are
        enacted that--
                ``(i) the Congress designates as emergency
            requirements in statute on an account by account
            basis and the President subsequently so
            designates, or
                ``(ii) the Congress designates for Overseas
            Contingency Operations/Global War on Terrorism in
            statute on an account by account basis and the
            President subsequently so designates,
        the adjustment shall be the total of such appropriations
        in discretionary accounts designated as emergency
        requirements or for Overseas Contingency Operations/
        Global War on Terrorism, as applicable.
            ``(B) Continuing disability reviews and
        redeterminations.--(i) If a bill or joint resolution
        making appropriations for a fiscal year is enacted that
        specifies an amount for continuing disability reviews
        under titles II and XVI of the Social Security Act and
        for the cost associated with conducting redeterminations
        of eligibility under title XVI of the Social Security
        Act, then the adjustments for that fiscal year shall be
        the additional new budget authority provided in that Act
        for such expenses for that fiscal year, but shall not
        exceed--
                ``(I) for fiscal year 2012, $623,000,000 in
            additional new budget authority;
                ``(II) for fiscal year 2013, $751,000,000 in
            additional new budget authority;
                ``(III) for fiscal year 2014, $924,000,000 in
            additional new budget authority;
                ``(IV) for fiscal year 2015, $1,123,000,000 in
            additional new budget authority;
                ``(V) for fiscal year 2016, $1,166,000,000 in
            additional new budget authority;
                ``(VI) for fiscal year 2017, $1,309,000,000 in
            additional new budget authority;
                ``(VII) for fiscal year 2018, $1,309,000,000
            in additional new budget authority;
                ``(VIII) for fiscal year 2019, $1,309,000,000
            in additional new budget authority;
                ``(IX) for fiscal year 2020, $1,309,000,000 in
            additional new budget authority; and
                ``(X) for fiscal year 2021, $1,309,000,000 in
            additional new budget authority.
            ``(ii) <<NOTE: Definitions.>> As used in this
        subparagraph--

means continuing disability reviews under sections
221(i) and 1614(a)(4) of the Social Security Act;

[[Page 125 STAT. 244]]

              ``(II) the term `redetermination' means
        redetermination of eligibility under sections
        1611(c)(1) and 1614(a)(3)(H) of the Social
        Security Act; and
              ``(III) the term `additional new budget
        authority' means the amount provided for a fiscal
        year, in excess of $273,000,000, in an
        appropriation Act and specified to pay for the
        costs of continuing disability reviews and
        redeterminations under the heading `Limitation on
        Administrative Expenses' for the Social Security
        Administration.
      ``(C) Health care fraud and abuse control.--(i) If a
bill or joint resolution making appropriations for a
fiscal year is enacted that specifies an amount for the
health care fraud abuse control program at the
Department of Health and Human Services (75-8393-0-7-
571), then the adjustments for that fiscal year shall be
the amount of additional new budget authority provided
in that Act for such program for that fiscal year, but
shall not exceed--
              ``(I) for fiscal year 2012, $270,000,000 in
        additional new budget authority;
              ``(II) for fiscal year 2013, $299,000,000 in
        additional new budget authority;
              ``(III) for fiscal year 2014, $329,000,000 in
        additional new budget authority;
              ``(IV) for fiscal year 2015, $361,000,000 in
        additional new budget authority;
              ``(V) for fiscal year 2016, $395,000,000 in
        additional new budget authority;
              ``(VI) for fiscal year 2017, $414,000,000 in
        additional new budget authority;
              ``(VII) for fiscal year 2018, $434,000,000 in
        additional new budget authority;
              ``(VIII) for fiscal year 2019, $454,000,000 in
        additional new budget authority;
              ``(IX) for fiscal year 2020, $475,000,000 in
        additional new budget authority; and
              ``(X) for fiscal year 2021, $496,000,000 in
        additional new budget authority.
      ``(ii) <<NOTE: Definition.>> As used in this
subparagraph, the term `additional new budget authority'
means the amount provided for a fiscal year, in excess
of $311,000,000, in an appropriation Act and specified
to pay for the costs of the health care fraud and abuse
control program.
      ``(D) Disaster funding.--
              ``(i) If, for fiscal years 2012 through 2021,
        appropriations for discretionary accounts are
        enacted that Congress designates as being for
        disaster relief in statute, the adjustment for a
        fiscal year shall be the total of such
        appropriations for the fiscal year in
        discretionary accounts designated as being for
        disaster relief, but not to exceed the total of--
                    ``(I) the average funding provided
              for disaster relief over the previous 10
              years, excluding the highest and lowest

```
                          ``(II) the amount, for years when
                          the enacted new discretionary budget
                          authority designated as being for
                          disaster relief for the preceding fiscal
```

[[Page 125 STAT. 245]]

```
                          year was less than the average as
                          calculated in subclause (I) for that
                          fiscal year, that is the difference
                          between the enacted amount and the
                          allowable adjustment as calculated in
                          such subclause for that fiscal year.
                    ``(ii) OMB shall report to the Committees on
              Appropriations and Budget in each House the
              average calculated pursuant to clause (i)(II), not
              later than 30 days after the date of the enactment
              of the Budget Control Act of 2011.
                    ``(iii) <<NOTE: Definition.>> For the purposes
              of this subparagraph, the term `disaster relief'
              means activities carried out pursuant to a
              determination under section 102(2) of the Robert
              T. Stafford Disaster Relief and Emergency
              Assistance Act (42 U.S.C. 5122(2)).
                    ``(iv) Appropriations considered disaster
              relief under this subparagraph in a fiscal year
              shall not be eligible for adjustments under
              subparagraph (A) for the fiscal year.

     ``(c) Discretionary Spending Limit.--As <<NOTE: Definition.>> used
  in this part, the term `discretionary spending limit' means--
              ``(1) with respect to fiscal year 2012--
                    ``(A) for the security category, $684,000,000,000 in
              new budget authority; and
                    ``(B) for the nonsecurity category, $359,000,000,000
              in new budget authority;
              ``(2) with respect to fiscal year 2013--
                    ``(A) for the security category, $686,000,000,000 in
              new budget authority; and
                    ``(B) for the nonsecurity category, $361,000,000,000
              in new budget authority;
              ``(3) with respect to fiscal year 2014, for the
              discretionary category, $1,066,000,000,000 in new budget
              authority;
              ``(4) with respect to fiscal year 2015, for the
              discretionary category, $1,086,000,000,000 in new budget
              authority;
              ``(5) with respect to fiscal year 2016, for the
              discretionary category, $1,107,000,000,000 in new budget
              authority;
              ``(6) with respect to fiscal year 2017, for the
              discretionary category, $1,131,000,000,000 in new budget
              authority;
              ``(7) with respect to fiscal year 2018, for the
              discretionary category, $1,156,000,000,000 in new budget
              authority;
              ``(8) with respect to fiscal year 2019, for the
              discretionary category, $1,182,000,000,000 in new budget
              authority;
              ``(9) with respect to fiscal year 2020, for the
              discretionary category, $1,208,000,000,000 in new budget
              authority; and
              ``(10) with respect to fiscal year 2021, for the
              discretionary category, $1,234,000,000,000 in new budget
```

authority;''.
as adjusted in strict conformance with subsection (b).''.
SEC. 102. DEFINITIONS.

    Section 250(c) of the Balanced Budget and Emergency Deficit Control
Act of 1985 <<NOTE: 2 USC 900.>> is amended as follows:
        (1) Strike paragraph (4) and insert the following new
    paragraph:
        ``(4)(A) The term `nonsecurity category' means all
    discretionary appropriations not included in the security
    category defined in subparagraph (B).

[[Page 125 STAT. 246]]

        ``(B) The term `security category' includes discretionary
    appropriations associated with agency budgets for the Department
    of Defense, the Department of Homeland Security, the Department
    of Veterans Affairs, the National Nuclear Security
    Administration, the intelligence community management account
    (95-0401-0-1-054), and all budget accounts in budget function
    150 (international affairs).
        ``(C) The term `discretionary category' includes all
    discretionary appropriations.''.
        (2) In paragraph (8)(C), strike ``the food stamp program''
    and insert ``the Supplemental Nutrition Assistance Program''.
        (3) Strike paragraph (14) and insert the following new
    paragraph:
        ``(14) The term `outyear' means a fiscal year one or more
    years after the budget year.''.
        (4) At the end, add the following new paragraphs:
        ``(20) The term `emergency' means a situation that--
            ``(A) requires new budget authority and outlays (or
        new budget authority and the outlays flowing therefrom)
        for the prevention or mitigation of, or response to,
        loss of life or property, or a threat to national
        security; and
            ``(B) is unanticipated.
        ``(21) The term `unanticipated' means that the underlying
    situation is--
            ``(A) sudden, which means quickly coming into being
        or not building up over time;
            ``(B) urgent, which means a pressing and compelling
        need requiring immediate action;
            ``(C) unforeseen, which means not predicted or
        anticipated as an emerging need; and
            ``(D) temporary, which means not of a permanent
        duration.''.
SEC. 103. REPORTS AND ORDERS.

    Section 254 of the Balanced Budget and Emergency Deficit Control Act
of 1985 <<NOTE: 2 USC 904.>> is amended as follows:
        (1) In subsection (c)(2), strike ``2002'' and insert
    ``2021''.
        (2) At the end of subsection (e), insert ``This report shall
    also contain a preview estimate of the adjustment for disaster
    funding for the upcoming fiscal year.''.
        (3) In subsection (f)(2)(A), strike ``2002'' and insert
    ``2021''; before the concluding period insert ``, including a
    final estimate of the adjustment for disaster funding''.
SEC. 104. EXPIRATION.

    (a) Repealer.--Section 275 of the Balanced Budget and Emergency
Deficit Control Act of 1985 <<NOTE: 2 USC 900 note.>> is repealed.

(b) Conforming Change.--Sections 252(b)(1), 2 USC 632
note.>> 252(d)(1), 254(c), 254(f)(3), and 254(i) of the Balanced Budget
and Emergency Deficit Control Act of 1985 shall not apply to the
Congressional Budget Office.
SEC. 105. AMENDMENTS TO THE CONGRESSIONAL BUDGET AND IMPOUNDMENT
                 CONTROL ACT OF 1974.

    (a) Adjustments.--Section 314 of the Congressional Budget Act of
1974 <<NOTE: 2 USC 645.>> is amended as follows:
            (1) Strike subsection (a) and insert the following:

    ``(a) Adjustments.--After the reporting of a bill or joint
resolution or the offering of an amendment thereto or the submission

[[Page 125 STAT. 247]]

of a conference report thereon, the chairman of the Committee on the
Budget of the House of Representatives or the Senate may make
appropriate budgetary adjustments of new budget authority and the
outlays flowing therefrom in the same amount as required by section
251(b) of the Balanced Budget and Emergency Deficit Control Act of
1985.''.
            (2) Strike subsections (b) and (e) and redesignate
        subsections (c) and (d) as subsections (b) and (c),
        respectively.
            (3) At the end, add the following new subsections:

    ``(d) Emergencies in the House of Representatives.-- (1) In the
House of Representatives, if a reported bill or joint resolution, or
amendment thereto or conference report thereon, contains a provision
providing new budget authority and outlays or reducing revenue, and a
designation of such provision as an emergency requirement pursuant to
251(b)(2)(A) of the Balanced Budget and Emergency Deficit Control Act of
1985, the chair of the Committee on the Budget of the House of
Representatives shall not count the budgetary effects of such provision
for purposes of title III and title IV of the Congressional Budget Act
of 1974 and the Rules of the House of Representatives.
    ``(2)(A) In the House of Representatives, if a reported bill or
joint resolution, or amendment thereto or conference report thereon,
contains a provision providing new budget authority and outlays or
reducing revenue, and a designation of such provision as an emergency
pursuant to paragraph (1), the chair of the Committee on the Budget
shall not count the budgetary effects of such provision for purposes of
this title and title IV and the Rules of the House of Representatives.
    ``(B) In the House of Representatives, a proposal to strike a
designation under subparagraph (A) shall be excluded from an evaluation
of budgetary effects for purposes of this title and title IV and the
Rules of the House of Representatives.
    ``(C) An amendment offered under subparagraph (B) that also proposes
to reduce each amount appropriated or otherwise made available by the
pending measure that is not required to be appropriated or otherwise
made available shall be in order at any point in the reading of the
pending measure.
    ``(e) Enforcement of Discretionary Spending Caps.--It shall not be
in order in the House of Representatives or the Senate to consider any
bill, joint resolution, amendment, motion, or conference report that
would cause the discretionary spending limits as set forth in section
251 of the Balanced Budget and Emergency Deficit Control Act to be
exceeded.''.
    (b) Definitions.--Section 3 of the Congressional Budget and
Impoundment Control Act of 1974 <<NOTE: 2 USC 622.>> is amended by
adding at the end the following new paragraph:
            ``(11) The terms `emergency' and `unanticipated' have the
        meanings given to such terms in section 250(c) of the Balanced
        Budget and Emergency Deficit Control Act of 1985.''.

    (c) Appeals for Discretionary Caps.--Section 904(c)(2) of the
Congressional Budget Act of 1974 <<NOTE: 2 USC 621 note.>> is amended by
striking ``and 312(c)'' and inserting ``312(c), and 314(e)''.
SEC. 106. <<NOTE: 2 USC 631 note.>> SENATE BUDGET ENFORCEMENT.

    (a) <<NOTE: Applicability.>>  In General.--
        (1) For the purpose of enforcing the Congressional Budget
    Act of 1974 through April 15, 2012, including section 300 of

[[Page 125 STAT. 248]]

    that Act, and enforcing budgetary points of order in prior
    concurrent resolutions on the budget, the allocations,
    aggregates, and levels set in subsection (b)(1) shall apply in
    the Senate in the same manner as for a concurrent resolution on
    the budget for fiscal year 2012 with appropriate budgetary
    levels for fiscal years 2011 and 2013 through 2021.
        (2) For the purpose of enforcing the Congressional Budget
    Act of 1974 after April 15, 2012, including section 300 of that
    Act, and enforcing budgetary points of order in prior concurrent
    resolutions on the budget, the allocations, aggregates, and
    levels set in subsection (b)(2) shall apply in the Senate in the
    same manner as for a concurrent resolution on the budget for
    fiscal year 2013 with appropriate budgetary levels for fiscal
    years 2012 and 2014 through 2022.

    (b) Committee Allocations, Aggregates, and Levels.--
        (1) As soon as practicable after the date of enactment of
    this section, the Chairman of the Committee on the Budget shall
    file--
                (A) for the Committee on Appropriations, committee
            allocations for fiscal years 2011 and 2012 consistent
            with the discretionary spending limits set forth in this
            Act for the purpose of enforcing section 302 of the
            Congressional Budget Act of 1974;
                (B) for all committees other than the Committee on
            Appropriations, committee allocations for fiscal years
            2011, 2012, 2012 through 2016, and 2012 through 2021
            consistent with the Congressional Budget Office's March
            2011 baseline adjusted to account for the budgetary
            effects of this Act and legislation enacted prior to
            this Act but not included in the Congressional Budget
            Office's March 2011 baseline, for the purpose of
            enforcing section 302 of the Congressional Budget Act of
            1974;
                (C) aggregate spending levels for fiscal years 2011
            and 2012 and aggregate revenue levels for fiscal years
            2011, 2012, 2012 through 2016, 2012 through 2021
            consistent with the Congressional Budget Office's March
            2011 baseline adjusted to account for the budgetary
            effects of this Act and legislation enacted prior to
            this Act but not included in the Congressional Budget
            Office's March 2011 baseline, and the discretionary
            spending limits set forth in this Act for the purpose of
            enforcing section 311 of the Congressional Budget Act of
            1974; and
                (D) levels of Social Security revenues and outlays
            for fiscal years 2011, 2012, 2012 through 2016, and 2012
            through 2021 consistent with the Congressional Budget
            Office's March 2011 baseline adjusted to account for the
            budgetary effects of this Act and legislation enacted
            prior to this Act but not included in the Congressional
            Budget Office's March 2011 baseline, for the purpose of
            enforcing sections 302 and 311 of the Congressional

Budget Act of 1974.

     (2) <<NOTE: Deadline.>> Not later than April 15, 2012, the
Chairman of the Committee on the Budget shall file--
          (A) for the Committee on Appropriations, committee
     allocations for fiscal years 2012 and 2013 consistent
     with the discretionary spending limits set forth in this
     Act for

[[Page 125 STAT. 249]]

     the purpose of enforcing section 302 of the
     Congressional Budget Act of 1974;
          (B) for all committees other than the Committee on
     Appropriations, committee allocations for fiscal years
     2012, 2013, 2013 through 2017, and 2013 through 2022
     consistent with the Congressional Budget Office's March
     2012 baseline for the purpose of enforcing section 302
     of the Congressional Budget Act of 1974;
          (C) aggregate spending levels for fiscal years 2012
     and 2013 and aggregate revenue levels for fiscal years
     2012, 2013, 2013-2017, and 2013-2022 consistent with the
     Congressional Budget Office's March 2012 baseline and
     the discretionary spending limits set forth in this Act
     for the purpose of enforcing section 311 of the
     Congressional Budget Act of 1974; and
          (D) levels of Social Security revenues and outlays
     for fiscal years 2012 and 2013, 2013-2017, and 2013-2022
     consistent with the Congressional Budget Office's March
     2012 baseline budget for the purpose of enforcing
     sections 302 and 311 of the Congressional Budget Act of
     1974.

(c) Senate Pay-as-you-go Scorecard.--
     (1) <<NOTE: Effective date.>> Effective on the date of
enactment of this section, for the purpose of enforcing section
201 of S. Con. Res. 21 (110th Congress), the Chairman of the
Senate Committee on the Budget shall reduce any balances of
direct spending and revenues for any fiscal year to 0 (zero).
     (2) <<NOTE: Deadline.>> Not later than April 15, 2012, for
the purpose of enforcing section 201 of S. Con. Res. 21 (110th
Congress), the Chairman of the Senate Committee on the Budget
shall reduce any balances of direct spending and revenues for
any fiscal year to 0 (zero).
     (3) <<NOTE: Notification. Congressional Record.>> Upon
resetting the Senate paygo scorecard pursuant to paragraph (2),
the Chairman shall publish a notification of such action in the
Congressional Record.

(d) Further Adjustments.--
     (1) The Chairman of the Committee on the Budget of the
Senate may revise any allocations, aggregates, or levels set
pursuant to this section to account for any subsequent
adjustments to discretionary spending limits made pursuant to
this Act.
     (2) With respect to any allocations, aggregates, or levels
set or adjustments made pursuant to this section, sections 412
through 414 of S. Con. Res. 13 (111th Congress) shall remain in
effect.

(e) Expiration.--
     (1) Subsections (a)(1), (b)(1), and (c)(1) shall expire if a
concurrent resolution on the budget for fiscal year 2012 is
agreed to by the Senate and House of Representatives pursuant to
section 301 of the Congressional Budget Act of 1974.
     (2) Subsections (a)(2), (b)(2), and (c)(2) shall expire if a

concurrent resolution on the budget for fiscal year 2013 is
agreed to by the Senate and House of Representatives pursuant to
section 301 of the Congressional Budget Act of 1974.

[[Page 125 STAT. 250]]

          TITLE II--VOTE ON THE BALANCED BUDGET AMENDMENT

SEC. 201. VOTE ON THE BALANCED BUDGET AMENDMENT.

     After <<NOTE: Time period.>> September 30, 2011, and not later than
December 31, 2011, the House of Representatives and Senate,
respectively, shall vote on passage of a joint resolution, the title of
which is as follows: ``Joint resolution proposing a balanced budget
amendment to the Constitution of the United States.''.
SEC. 202. CONSIDERATION BY THE OTHER HOUSE.

     (a) House Consideration.--
          (1) Referral.--If the <<NOTE: Deadline.>> House receives a
     joint resolution described in section 201 from the Senate, such
     joint resolution shall be referred to the Committee on the
     Judiciary. If the committee fails to report the joint resolution
     within five legislative days, it shall be in order to move that
     the House discharge the committee from further consideration of
     the joint resolution. Such a motion shall not be in order after
     the House has disposed of a motion to discharge the joint
     resolution. The previous question shall be considered as ordered
     on the motion to its adoption without intervening motion except
     twenty minutes of debate equally divided and controlled by the
     proponent and an opponent. If such a motion is adopted, the
     House shall proceed immediately to consider the joint resolution
     in accordance with paragraph (3). A motion to reconsider the
     vote by which the motion is disposed of shall not be in order.
          (2) Proceeding to consideration.--After the joint resolution
     has been referred to the appropriate calendar or the committee
     has been discharged (other than by motion) from its
     consideration, it shall be in order to move to proceed to
     consider the joint resolution in the House. Such a motion shall
     not be in order after the House has disposed of a motion to
     proceed with respect to the joint resolution. The previous
     question shall be considered as ordered on the motion to its
     adoption without intervening motion. A motion to reconsider the
     vote by which the motion is disposed of shall not be in order.
          (3) Consideration.--The joint resolution shall be considered
     as read. All points of order against the joint resolution and
     against its consideration are waived. The previous question
     shall be considered as ordered on the joint resolution to its
     passage without intervening motion except two hours of debate
     equally divided and controlled by the proponent and an opponent
     and one motion to limit debate on the joint resolution. A motion
     to reconsider the vote on passage of the joint resolution shall
     not be in order.

     (b) Senate Consideration.--(1) If the <<NOTE: Deadline.>> Senate
receives a joint resolution described in section 201 from the House of
Representatives, such joint resolution shall be referred to the
appropriate committee of the Senate. If such committee has not reported
the joint resolution at the close of the fifth session day after its
receipt by the Senate, such committee shall be automatically discharged
from further consideration of the joint resolution and it shall be
placed on the appropriate calendar.

     (2) Consideration of the joint resolution and on all debatable
motions and appeals in connection therewith, shall be limited to

[[Page 125 STAT. 251]]

not more than 20 hours, which shall be divided equally between the
majority and minority leaders or their designees. A motion further to
limit debate is in order and not debatable. An amendment to, or a motion
to postpone, or a motion to proceed to the consideration of other
business, or a motion to recommit the joint resolution is not in order.
Any debatable motion or appeal is debatable for not to exceed 1 hour, to
be divided equally between those favoring and those opposing the motion
or appeal. All time used for consideration of the joint resolution,
including time used for quorum calls and voting, shall be counted
against the total 20 hours of consideration.
        (3) If the <<NOTE: Deadline.>> Senate has voted to proceed to a
joint resolution, the vote on passage of the joint resolution shall be
taken on or before the close of the seventh session day after such joint
resolution has been reported or discharged or immediately following the
conclusion of consideration of the joint resolution, and a single quorum
call at the conclusion of the debate if requested in accordance with the
rules of the Senate.

                TITLE III--DEBT CEILING DISAPPROVAL PROCESS

SEC. 301. DEBT CEILING DISAPPROVAL PROCESS.

    (a) In General.--Subchapter I of chapter 31 of subtitle III of title
31, United States Code, is amended--
            (1) in section 3101(b), by striking ``or otherwise'' and
        inserting ``or as provided by section 3101A or otherwise''; and
            (2) by inserting after section 3101 the following:
``Sec. 3101A. Presidential modification of the debt ceiling

    ``(a) In General.--
            ``(1) $900 billion.--
                    ``(A) Certification.--If,
        not <<NOTE: Deadline.>> later than December 31, 2011,
        the President submits a written certification to
        Congress that the President has determined that the debt
        subject to limit is within $100,000,000,000 of the limit
        in section 3101(b) and that further borrowing is
        required to meet existing commitments, the Secretary of
        the Treasury may exercise authority to borrow an
        additional $900,000,000,000, subject to the enactment of
        a joint resolution of disapproval enacted pursuant to
        this section. Upon submission of such certification, the
        limit on debt provided in section 3101(b) (referred to
        in this section as the `debt limit') is increased by
        $400,000,000,000.
                    ``(B) Resolution of disapproval.--Congress may
        consider a joint resolution of disapproval of the
        authority under subparagraph (A) as provided in
        subsections (b) through (f). The joint resolution of
        disapproval considered under this section shall contain
        only the language provided in subsection (b)(2). If the
        time for disapproval has lapsed without enactment of a
        joint resolution of disapproval under this section, the
        debt limit is increased by an additional
        $500,000,000,000.
            ``(2) Additional amount.--
                    ``(A) Certification.--If, after the debt limit is
        increased by $900,000,000,000 under paragraph (1), the

[[Page 125 STAT. 252]]

            President submits a written certification to Congress
            that the President has determined that the debt subject

to limit is within $100,000,000,000 of the limit in
section 3101(b) and that further borrowing is required
to meet existing commitments, the Secretary of the
Treasury may, subject to the enactment of a joint
resolution of disapproval enacted pursuant to this
section, exercise authority to borrow an additional
amount equal to--
                ``(i) $1,200,000,000,000, unless clause (ii)
        or (iii) applies;
                ``(ii) $1,500,000,000,000 if the Archivist of
        the United States has submitted to the States for
        their ratification a proposed amendment to the
        Constitution of the United States pursuant to a
        joint resolution entitled `Joint resolution
        proposing a balanced budget amendment to the
        Constitution of the United States'; or
                ``(iii) if a joint committee bill to achieve
        an amount greater than $1,200,000,000,000 in
        deficit reduction as provided in section
        401(b)(3)(B)(i)(II) of the Budget Control Act of
        2011 is enacted, an amount equal to the amount of
        that deficit reduction, but not greater than
        $1,500,000,000,000, unless clause (ii) applies.
        ``(B) Resolution of disapproval.--Congress may
consider a joint resolution of disapproval of the
authority under subparagraph (A) as provided in
subsections (b) through (f). The joint resolution of
disapproval considered under this section shall contain
only the language provided in subsection (b)(2). If the
time for disapproval has lapsed without enactment of a
joint resolution of disapproval under this section, the
debt limit is increased by the amount authorized under
subparagraph (A).

``(b) Joint Resolution of Disapproval.--
        ``(1) In general.--Except <<NOTE: Deadlines.>> for the
$400,000,000,000 increase in the debt limit provided by
subsection (a)(1)(A), the debt limit may not be raised under
this section if, within 50 calendar days after the date on which
Congress receives a certification described in subsection (a)(1)
or within 15 calendar days after Congress receives the
certification described in subsection (a)(2) (regardless of
whether Congress is in session), there is enacted into law a
joint resolution disapproving the President's exercise of
authority with respect to such additional amount.
        ``(2) Contents of joint resolution.--
For <<NOTE: Definition.>> the purpose of this section, the term
`joint resolution' means only a joint resolution--
                ``(A)(i) for the certification described in
        subsection (a)(1), that is introduced on September 6, 7,
        8, or 9, 2011 (or, if the Senate was not in session, the
        next calendar day on which the Senate is in session);
        and
                ``(ii) for the certification described in subsection
        (a)(2), that is introduced between the date the
        certification is received and 3 calendar days after that
        date;
                ``(B) which does not have a preamble;
                ``(C) the title of which is only as follows: `Joint
        resolution relating to the disapproval of the
        President's exercise of authority to increase the debt
        limit, as submitted under section 3101A of title 31,
        United States Code, on

[[Page 125 STAT. 253]]

_____' (with the blank containing the date of such submission); and
``(D) the matter after the resolving clause of which is only as follows: `That Congress disapproves of the President's exercise of authority to increase the debt limit, as exercised pursuant to the certification under section 3101A(a) of title 31, United States Code.'.

``(c) Expedited Consideration in House of Representatives.--
``(1) Reconvening.--
Upon <<NOTE: Notification. Deadline.>> receipt of a certification described in subsection (a)(2), the Speaker, if the House would otherwise be adjourned, shall notify the Members of the House that, pursuant to this section, the House shall convene not later than the second calendar day after receipt of such certification.
``(2) Reporting and discharge.--Any committee of the House of Representatives to which a joint resolution is referred shall report it to the House without amendment not later than 5 calendar days after the date of introduction of a joint resolution described in subsection (a). If a committee fails to report the joint resolution within that period, the committee shall be discharged from further consideration of the joint resolution and the joint resolution shall be referred to the appropriate calendar.
``(3) Proceeding to consideration.--
After <<NOTE: Deadline.>> each committee authorized to consider a joint resolution reports it to the House or has been discharged from its consideration, it shall be in order, not later than the sixth day after introduction of a joint resolution under subsection (a), to move to proceed to consider the joint resolution in the House. All points of order against the motion are waived. Such a motion shall not be in order after the House has disposed of a motion to proceed on a joint resolution addressing a particular submission. The previous question shall be considered as ordered on the motion to its adoption without intervening motion. The motion shall not be debatable. A motion to reconsider the vote by which the motion is disposed of shall not be in order.
``(4) Consideration.--The joint resolution shall be considered as read. All points of order against the joint resolution and against its consideration are waived. The previous question shall be considered as ordered on the joint resolution to its passage without intervening motion except two hours of debate equally divided and controlled by the proponent and an opponent. A motion to reconsider the vote on passage of the joint resolution shall not be in order.

``(d) Expedited Procedure in Senate.--
``(1) Reconvening.--
Upon <<NOTE: Notification. Deadline.>> receipt of a certification under subsection (a)(2), if the Senate has adjourned or recessed for more than 2 days, the majority leader of the Senate, after consultation with the minority leader of the Senate, shall notify the Members of the Senate that, pursuant to this section, the Senate shall convene not later than the second calendar day after receipt of such message.
``(2) Placement on calendar.--Upon introduction in the Senate, the joint resolution shall be immediately placed on the calendar.
``(3) Floor consideration.--

[[Page 125 STAT. 254]]

(A) in general.--Notwithstanding any other time
period. Waiver.>> Rule XXII of the Standing Rules of the
Senate, it is in order at any time during the period
beginning on the day after the date on which Congress
receives a certification under subsection (a) and, for
the certification described in subsection (a)(1), ending
on September 14, 2011, and for the certification
described in subsection (a)(2), on the 6th day after the
date on which Congress receives a certification under
subsection (a) (even though a previous motion to the
same effect has been disagreed to) to move to proceed to
the consideration of the joint resolution, and all
points of order against the joint resolution (and
against consideration of the joint resolution) are
waived. The motion to proceed is not debatable. The
motion is not subject to a motion to postpone. A motion
to reconsider the vote by which the motion is agreed to
or disagreed to shall not be in order. If a motion to
proceed to the consideration of the resolution is agreed
to, the joint resolution shall remain the unfinished
business until disposed of.
        ``(B) Consideration.--Consideration of the joint
resolution, and on all debatable motions and appeals in
connection therewith, shall be limited to not more than
10 hours, which shall be divided equally between the
majority and minority leaders or their designees. A
motion further to limit debate is in order and not
debatable. An amendment to, or a motion to postpone, or
a motion to proceed to the consideration of other
business, or a motion to recommit the joint resolution
is not in order.
        ``(C) Vote on passage.--If the Senate has voted to
proceed to a joint resolution, the vote on passage of
the joint resolution shall occur immediately following
the conclusion of consideration of the joint resolution,
and a single quorum call at the conclusion of the debate
if requested in accordance with the rules of the Senate.
        ``(D) Rulings of the chair on procedure.--Appeals
from the decisions of the Chair relating to the
application of the rules of the Senate, as the case may
be, to the procedure relating to a joint resolution
shall be decided without debate.

    ``(e) Amendment Not in Order.--A joint resolution of disapproval
considered pursuant to this section shall not be subject to amendment in
either the House of Representatives or the Senate.
    ``(f) Coordination With Action by Other House.--
        ``(1) In general.--If, before passing the joint resolution,
    one House receives from the other a joint resolution--
            ``(A) the joint resolution of the other House shall
        not be referred to a committee; and
            ``(B) the procedure in the receiving House shall be
        the same as if no joint resolution had been received
        from the other House until the vote on passage, when the
        joint resolution received from the other House shall
        supplant the joint resolution of the receiving House.
        ``(2) Treatment of joint resolution of other house.--If the
    Senate fails to introduce or consider a joint resolution under
    this section, the joint resolution of the House shall be
    entitled to expedited floor procedures under this section.

[[Page 125 STAT. 255]]

        ``(3) Treatment of companion measures.--If, following
    passage of the joint resolution in the Senate, the Senate then

receives the companion measure from the House of
Representatives, the companion measure shall not be debatable.
        ``(4) Consideration after passage.--(A) If Congress passes a
joint resolution, the period beginning on the date the President
is presented with the joint resolution and ending on the date
the President signs, allows to become law without his signature,
or vetoes and returns the joint resolution (but excluding days
when either House is not in session) shall be disregarded in
computing the appropriate calendar day period described in
subsection (b)(1).
        ``(B) Debate on a veto message in the Senate under this
section shall be 1 hour equally divided between the majority and
minority leaders or their designees.
        ``(5) Veto override.--If within the appropriate calendar day
period described in subsection (b)(1), Congress overrides a veto
of the joint resolution with respect to authority exercised
pursuant to paragraph (1) or (2) of subsection (a), the limit on
debt provided in section 3101(b) shall not be raised, except for
the $400,000,000,000 increase in the limit provided by
subsection (a)(1)(A).
        ``(6) Sequestration.--(A) If <<NOTE: Time
period. President.>> within the 50-calendar day period described
in subsection (b)(1), the President signs the joint resolution,
the President allows the joint resolution to become law without
his signature, or Congress overrides a veto of the joint
resolution with respect to authority exercised pursuant to
paragraph (1) of subsection (a), there shall be a sequestration
to reduce spending by $400,000,000,000. OMB shall implement the
sequestration forthwith.
        ``(B) <<NOTE: Definition.>> OMB shall implement each half of
such sequestration in accordance with section 255, section 256,
and subsections (c), (d), (e), and (f) of section 253 of the
Balanced Budget and Emergency Deficit Control Act of 1985, and
for the purpose of such implementation the term `excess deficit'
means the amount specified in subparagraph (A).

    ``(g) Rules of House of Representatives and Senate.--This subsection
and subsections (b), (c), (d), (e), and (f) (other than paragraph (6))
are enacted by Congress--
        ``(1) as an exercise of the rulemaking power of the Senate
and House of Representatives, respectively, and as such it is
deemed a part of the rules of each House, respectively, but
applicable only with respect to the procedure to be followed in
that House in the case of a joint resolution, and it supersedes
other rules only to the extent that it is inconsistent with such
rules; and
        ``(2) with full recognition of the constitutional right of
either House to change the rules (so far as relating to the
procedure of that House) at any time, in the same manner, and to
the same extent as in the case of any other rule of that
House.''.

    (b) Conforming Amendment.--The table of sections for chapter 31 of
title 31, United States Code, is amended by inserting after the item
relating to section 3101 the following new item:

``3101A. Presidential modification of the debt ceiling.''.

[[Page 125 STAT. 256]]

SEC. 302. ENFORCEMENT OF BUDGET GOAL.

    (a) In General.--The Balanced Budget and Emergency Deficit Control
Act of 1985 is amended by inserting after section 251 the following new
section:

``SEC. 251A. <<NOTE: 2 USC 901a.>> ENFORCEMENT OF BUDGET GOAL.

    ``Unless a <<NOTE: Deadline.>> joint committee bill achieving an
amount greater than $1,200,000,000,000 in deficit reduction as provided
in section 401(b)(3)(B)(i)(II) of the Budget Control Act of 2011 is
enacted by January 15, 2012, the discretionary spending limits listed in
section 251(c) shall be revised, and discretionary appropriations and
direct spending shall be reduced, as follows:
            ``(1) <<NOTE: Definitions.>>  Revised security category;
        revised nonsecurity category.--(A) The term `revised security
        category' means discretionary appropriations in budget function
        050.
            ``(B) The term `revised nonsecurity category' means
        discretionary appropriations other than in budget function 050.
            ``(2) Revised discretionary spending limits.--The
        discretionary spending limits for fiscal years 2013 through 2021
        under section 251(c) shall be replaced with the following:
                    ``(A) For fiscal year 2013--
                        ``(i) for the security category,
                    $546,000,000,000 in budget authority; and
                        ``(ii) for the nonsecurity category,
                    $501,000,000,000 in budget authority.
                    ``(B) For fiscal year 2014--
                        ``(i) for the security category,
                    $556,000,000,000 in budget authority; and
                        ``(ii) for the nonsecurity category,
                    $510,000,000,000 in budget authority.
                    ``(C) For fiscal year 2015--
                        ``(i) for the security category,
                    $566,000,000,000 in budget authority; and
                        ``(ii) for the nonsecurity category,
                    $520,000,000,000 in budget authority.
                    ``(D) For fiscal year 2016--
                        ``(i) for the security category,
                    $577,000,000,000 in budget authority; and
                        ``(ii) for the nonsecurity category,
                    $530,000,000,000 in budget authority.
                    ``(E) For fiscal year 2017--
                        ``(i) for the security category,
                    $590,000,000,000 in budget authority; and
                        ``(ii) for the nonsecurity category,
                    $541,000,000,000 in budget authority.
                    ``(F) For fiscal year 2018--
                        ``(i) for the security category,
                    $603,000,000,000 in budget authority; and
                        ``(ii) for the nonsecurity category,
                    $553,000,000,000 in budget authority.
                    ``(G) For fiscal year 2019--
                        ``(i) for the security category,
                    $616,000,000,000 in budget authority; and
                        ``(ii) for the nonsecurity category,
                    $566,000,000,000 in budget authority.
                    ``(H) For fiscal year 2020--

[[Page 125 STAT. 257]]

                        ``(i) for the security category,
                    $630,000,000,000 in budget authority; and
                        ``(ii) for the nonsecurity category,
                    $578,000,000,000 in budget authority.
                    ``(I) For fiscal year 2021--
                        ``(i) for the security category,
                    $644,000,000,000 in budget authority; and
                        ``(ii) for the nonsecurity category,
                    $590,000,000,000 in budget authority.

Case 4:23-cv-00114-P-BJ   Document 1   Filed 02/06/23   Page 29 of 41   PageID 29

(3) Calculation of total deficit reduction.--OMB shall
calculate the amount of the deficit reduction required by this
section for each of fiscal years 2013 through 2021 by--
                ``(A) starting with $1,200,000,000,000;
                ``(B) subtracting the amount of deficit reduction
        achieved by the enactment of a joint committee bill, as
        provided in section 401(b)(3)(B)(i)(II) of the Budget
        Control Act of 2011;
                ``(C) reducing the difference by 18 percent to
        account for debt service; and
                ``(D) dividing the result by 9.
        ``(4) Allocation to functions.--On <<NOTE: Effective
date.>> January 2, 2013, for fiscal year 2013, and in its
sequestration preview report for fiscal years 2014 through 2021
pursuant to section 254(c), OMB shall allocate half of the total
reduction calculated pursuant to paragraph (3) for that year to
discretionary appropriations and direct spending accounts within
function 050 (defense function) and half to accounts in all
other functions (nondefense functions).
        ``(5) Defense function reduction.--OMB shall calculate the
reductions to discretionary appropriations and direct spending
for each of fiscal years 2013 through 2021 for defense function
spending as follows:
                ``(A) Discretionary.--OMB shall calculate the
        reduction to discretionary appropriations by--
                        ``(i) taking the total reduction for the
                defense function allocated for that year under
                paragraph (4);
                        ``(ii) multiplying by the discretionary
                spending limit for the revised security category
                for that year; and
                        ``(iii) dividing by the sum of the
                discretionary spending limit for the security
                category and OMB's baseline estimate of nonexempt
                outlays for direct spending programs within the
                defense function for that year.
                ``(B) Direct spending.--OMB shall calculate the
        reduction to direct spending by taking the total
        reduction for the defense function required for that
        year under paragraph (4) and subtracting the
        discretionary reduction calculated pursuant to
        subparagraph (A).
        ``(6) Nondefense function reduction.--OMB shall calculate
the reduction to discretionary appropriations and to direct
spending for each of fiscal years 2013 through 2021 for programs
in nondefense functions as follows:
                ``(A) Discretionary.--OMB shall calculate the
        reduction to discretionary appropriations by--

[[Page 125 STAT. 258]]

                        ``(i) taking the total reduction for
                nondefense functions allocated for that year under
                paragraph (4);
                        ``(ii) multiplying by the discretionary
                spending limit for the revised nonsecurity
                category for that year; and
                        ``(iii) dividing by the sum of the
                discretionary spending limit for the revised
                nonsecurity category and OMB's baseline estimate
                of nonexempt outlays for direct spending programs
                in nondefense functions for that year.
                ``(B) Direct spending.--OMB shall calculate the
        reduction to direct spending programs by taking the
        total reduction for nondefense functions required for

that year under paragraph (4) and subtracting the
discretionary reduction calculated pursuant to
subparagraph (A).
``(7) Implementing discretionary reductions.--
``(A) Fiscal year 2013.--On <<NOTE: Effective
date. President. Sequestration order.>> January 2, 2013,
for fiscal year 2013, OMB shall calculate and the
President shall order a sequestration, effective upon
issuance and under the procedures set forth in section
253(f), to reduce each account within the security
category or nonsecurity category by a dollar amount
calculated by multiplying the baseline level of
budgetary resources in that account at that time by a
uniform percentage necessary to achieve--
``(i) for the revised security category, an
amount equal to the defense function discretionary
reduction calculated pursuant to paragraph (5);
and
``(ii) for the revised nonsecurity category,
an amount equal to the nondefense function
discretionary reduction calculated pursuant to
paragraph (6).
``(B) Fiscal years 2014-2021.--On the date of the
submission of its sequestration preview report for
fiscal years 2014 through 2021 pursuant to section
254(c) for each of fiscal years 2014 through 2021, OMB
shall reduce the discretionary spending limit--
``(i) for the revised security category by the
amount of the defense function discretionary
reduction calculated pursuant to paragraph (5);
and
``(ii) for the revised nonsecurity category by
the amount of the nondefense function
discretionary reduction calculated pursuant to
paragraph (6).
``(8) Implementing direct spending reductions.--
On <<NOTE: President. Sequestration order.>> the date specified
in paragraph (4) during each applicable year, OMB shall prepare
and the President shall order a sequestration, effective upon
issuance, of nonexempt direct spending to achieve the direct
spending reduction calculated pursuant to paragraphs (5) and
(6). When implementing the sequestration of direct spending
pursuant to this paragraph, OMB shall follow the procedures
specified in section 6 of the Statutory Pay-As-You-Go Act of
2010, the exemptions specified in section 255, and the special
rules specified in section 256, except that the percentage
reduction for the Medicare programs specified in section 256(d)
shall not be more than 2 percent for a fiscal year.
``(9) Adjustment for medicare.--If the percentage reduction
for the Medicare programs would exceed 2 percent for a fiscal
year in the absence of paragraph (8), OMB shall

[[Page 125 STAT. 259]]

increase the reduction for all other discretionary
appropriations and direct spending under paragraph (6) by a
uniform percentage to a level sufficient to achieve the
reduction required by paragraph (6) in the non-defense function.
``(10) Implementation of reductions.--Any reductions imposed
under this section shall be implemented in accordance with
section 256(k).
``(11) Report.--On the dates specified in paragraph (4), OMB
shall submit a report to Congress containing information about
the calculations required under this section, the adjusted
discretionary spending limits, a listing of the reductions

required for each nonexempt direct spending account, and any
other data and explanations that enhance public understanding of
this title and actions taken under it.''.

    (b) Conforming Amendment.--The table of contents set forth in
section 250(a) of the Balanced Budget and Emergency Deficit Control Act
of 1985 is amended by inserting after the item relating to section 251
the following:

``Sec. 251A. Enforcement of budget goal.''.

        TITLE IV--JOINT SELECT COMMITTEE ON DEFICIT REDUCTION

SEC. 401. <<NOTE: 2 USC 900 note.>> ESTABLISHMENT OF JOINT SELECT
                    COMMITTEE.

    (a) Definitions.--In this title:
        (1) Joint committee.--The term ``joint committee'' means the
    Joint Select Committee on Deficit Reduction established under
    subsection (b)(1).
        (2) Joint committee bill.--The term ``joint committee bill''
    means a bill consisting of the proposed legislative language of
    the joint committee recommended under subsection (b)(3)(B) and
    introduced under section 402(a).

    (b) Establishment of Joint Select Committee.--
        (1) Establishment.--There is established a joint select
    committee of Congress to be known as the ``Joint Select
    Committee on Deficit Reduction''.
        (2) Goal.--The goal of the joint committee shall be to
    reduce the deficit by at least $1,500,000,000,000 over the
    period of fiscal years 2012 to 2021.
        (3) Duties.--
            (A) In general.--
                (i) Improving the short-term and long-term
            fiscal imbalance.--The <<NOTE: Recommenda-
            tions.>> joint committee shall provide
            recommendations and legislative language that will
            significantly improve the short-term and long-term
            fiscal imbalance of the Federal Government.
                (ii) Recommendations of committees.--
            Not <<NOTE: Deadline.>> later than October 14,
            2011, each committee of the House of
            Representatives and the Senate may transmit to the
            joint committee its recommendations for changes in
            law to reduce the deficit consistent with the goal
            described in paragraph (2) for the joint
            committee's consideration.
            (B) Report, recommendations, and legislative
        language.--

[[Page 125 STAT. 260]]

                (i) In general.--Not later than November 23,
            2011, the joint committee shall vote on--
                    (I) a report that contains a
                detailed statement of the findings,
                conclusions, and recommendations of the
                joint committee and the estimate of the
                Congressional Budget Office required by
                paragraph (5)(D)(ii); and
                    (II) proposed legislative language
                to carry out such recommendations as
                described in subclause (I), which shall
                include a statement of the deficit

reduction achieved by the legislation
over the period of fiscal years 2012 to
2021.
Any change to the Rules of the House of
Representatives or the Standing Rules of the
Senate included in the report or legislative
language shall be considered to be merely
advisory.
          (ii) Approval of report and legislative
language.--The report of the joint committee and
the proposed legislative language described in
clause (i) shall require the approval of a
majority of the members of the joint committee.
          (iii) Additional views.--A <<NOTE: Time
period.>> member of the joint committee who gives
notice of an intention to file supplemental,
minority, or additional views at the time of final
joint committee vote on the approval of the report
and legislative language under clause (ii) shall
be entitled to 3 calendar days in which to file
such views in writing with the staff director of
the joint committee. Such views shall then be
included in the joint committee report and printed
in the same volume, or part thereof, and their
inclusion shall be noted on the cover of the
report. In the absence of timely notice, the joint
committee report may be printed and transmitted
immediately without such views.
          (iv) Transmission of report and legislative
language.--If the report and legislative language
are approved by the joint committee pursuant to
clause (ii), then not later than December 2, 2011,
the joint committee shall submit the joint
committee report and legislative language
described in clause (i) to the President, the Vice
President, the Speaker of the House of
Representatives, and the majority and minority
Leaders of each House of Congress.
          (v) Report and legislative language to be made
public.--Upon the approval or disapproval of the
joint committee report and legislative language
pursuant to clause (ii), the joint committee shall
promptly make the full report and legislative
language, and a record of the vote, available to
the public.
     (4) Membership.--
          (A) In general.--The joint committee shall be
composed of 12 members appointed pursuant to
subparagraph (B).
          (B) Appointment.--Members of the joint committee
shall be appointed as follows:
               (i) The majority leader of the Senate shall
appoint three members from among Members of the
Senate.

[[Page 125 STAT. 261]]

               (ii) The minority leader of the Senate shall
appoint three members from among Members of the
Senate.
               (iii) The Speaker of the House of
Representatives shall appoint three members from
among Members of the House of Representatives.
               (iv) The minority leader of the House of
Representatives shall appoint three members from

among Members of the House of Representatives.
            (C) Co-chairs.--
                (i) In general.--
            There <<NOTE: Appointments.>> shall be two Co-
            Chairs of the joint committee. The majority leader
            of the Senate shall appoint one Co-Chair from
            among the members of the joint committee. The
            Speaker of the House of Representatives shall
            appoint the second Co-Chair from among the members
            of the joint <<NOTE: Deadline.>> committee. The
            Co-Chairs shall be appointed not later than 14
            calendar days after the date of enactment of this
            Act.
                (ii) Staff director.--The Co-Chairs, acting
            jointly, shall hire the staff director of the
            joint committee.
            (D) Date.--
            Members <<NOTE: Appointments. Deadline.>> of the joint
            committee shall be appointed not later than 14 calendar
            days after the date of enactment of this Act.
            (E) Period of appointment.--
            Members <<NOTE: Deadline.>> shall be appointed for the
            life of the joint committee. Any vacancy in the joint
            committee shall not affect its powers, but shall be
            filled not later than 14 calendar days after the date on
            which the vacancy occurs, in the same manner as the
            original designation was made. If a member of the joint
            committee ceases to be a Member of the House of
            Representatives or the Senate, as the case may be, the
            member is no longer a member of the joint committee and
            a vacancy shall exist.
        (5) Administration.--
            (A) In general.--To enable the joint committee to
            exercise its powers, functions, and duties, there are
            authorized to be disbursed by the Senate the actual and
            necessary expenses of the joint committee approved by
            the co-chairs, subject to the rules and regulations of
            the Senate.
            (B) Expenses.--In carrying out its functions, the
            joint committee is authorized to incur expenses in the
            same manner and under the same conditions as the Joint
            Economic Committee is authorized by section 11 of Public
            Law 79-304 (15 U.S.C. 1024 (d)).
            (C) Quorum.--Seven members of the joint committee
            shall constitute a quorum for purposes of voting,
            meeting, and holding hearings.
            (D) Voting.--
                (i) Proxy voting.--No proxy voting shall be
            allowed on behalf of the members of the joint
            committee.
                (ii) Congressional budget office estimates.--
            The Congressional Budget Office shall provide
            estimates of the legislation (as described in
            paragraph (3)(B)) in accordance with sections
            308(a) and 201(f) of the Congressional Budget Act
            of 1974 (2 U.S.C. 639(a) and 601(f))(including
            estimates of the effect of

[[Page 125 STAT. 262]]

            interest payment on the debt). In addition, the
            Congressional Budget Office shall provide
            information on the budgetary effect of the
            legislation beyond the year
            2021. <<NOTE: Deadline.>> The joint committee may

recommendations, or legislative language unless
such estimates are available for consideration by
all members of the joint committee at least 48
hours prior to the vote as certified by the Co-
Chairs.
          (E) <<NOTE: Deadlines.>>  Meetings.--
              (i) Initial meeting.--Not later than 45
          calendar days after the date of enactment of this
          Act, the joint committee shall hold its first
          meeting.
              (ii) Agenda.--The Co-Chairs of the joint
          committee shall provide an agenda to the joint
          committee members not less than 48 hours in
          advance of any meeting.
          (F) Hearings.--
              (i) In general.--The joint committee may, for
          the purpose of carrying out this section, hold
          such hearings, sit and act at such times and
          places, require attendance of witnesses and
          production of books, papers, and documents, take
          such testimony, receive such evidence, and
          administer such oaths as the joint committee
          considers advisable.
              (ii) <<NOTE: Deadlines.>>  Hearing procedures
          and responsibilities of co-chairs.--
                      (I) Announcement.--The Co-Chairs of
                  the joint committee shall make a public
                  announcement of the date, place, time,
                  and subject matter of any hearing to be
                  conducted, not less than 7 days in
                  advance of such hearing, unless the Co-
                  Chairs determine that there is good
                  cause to begin such hearing at an
                  earlier date.
                      (II) Written statement.--A witness
                  appearing before the joint committee
                  shall file a written statement of
                  proposed testimony at least 2 calendar
                  days before the appearance of the
                  witness, unless the requirement is
                  waived by the Co-Chairs, following their
                  determination that there is good cause
                  for failure to comply with such
                  requirement.
          (G) Technical assistance.--Upon written request of
      the Co-Chairs, a Federal agency shall provide technical
      assistance to the joint committee in order for the joint
      committee to carry out its duties.

  (c) Staff of Joint Committee.--
          (1) In general.--The Co-Chairs of the joint committee may
      jointly appoint and fix the compensation of staff as they deem
      necessary, within the guidelines for employees of the Senate and
      following all applicable rules and employment requirements of
      the Senate.
          (2) Ethical standards.--Members on the joint committee who
      serve in the House of Representatives shall be governed by the
      ethics rules and requirements of the
      House. <<NOTE: Compliance.>> Members of the Senate who serve on
      the joint committee and staff of the joint committee shall
      comply with the ethics rules of the Senate.

[[Page 125 STAT. 263]]

Case 4:23-cv-00114-P-BJ   Document 1   Filed 02/06/23   Page 35 of 41   PageID 35

     (d) Termination.--The joint committee shall terminate on January 31,
2012.

SEC. 402. <<NOTE: 2 USC 900 note.>> EXPEDITED CONSIDERATION OF
                 JOINT COMMITTEE RECOMMENDATIONS.

     (a) Introduction.--If approved by the majority required by section
401(b)(3)(B)(ii), the proposed legislative language submitted pursuant
to section 401(b)(3)(B)(iv) shall be introduced in the Senate (by
request) on the next day on which the Senate is in session by the
majority leader of the Senate or by a Member of the Senate designated by
the majority leader of the Senate and shall be introduced in the House
of Representatives (by request) on the next legislative day by the
majority leader of the House or by a Member of the House designated by
the majority leader of the House.
     (b) Consideration in the House of Representatives.--
          (1) Referral and reporting.--Any committee of the House of
     Representatives to which the joint committee bill is referred
     shall report it to the House without amendment not later than
     December 9, 2011. If a committee fails to report the joint
     committee bill within that period, it shall be in order to move
     that the House discharge the committee from further
     consideration of the bill. Such a motion shall not be in order
     after the last committee authorized to consider the bill reports
     it to the House or after the House has disposed of a motion to
     discharge the bill. The previous question shall be considered as
     ordered on the motion to its adoption without intervening motion
     except 20 minutes of debate equally divided and controlled by
     the proponent and an opponent. If such a motion is adopted, the
     House shall proceed immediately to consider the joint committee
     bill in accordance with paragraphs (2) and (3). A motion to
     reconsider the vote by which the motion is disposed of shall not
     be in order.
          (2) Proceeding to consideration.--After the last committee
     authorized to consider a joint committee bill reports it to the
     House or has been discharged (other than by motion) from its
     consideration, it shall be in order to move to proceed to
     consider the joint committee bill in the House. Such a motion
     shall not be in order after the House has disposed of a motion
     to proceed with respect to the joint committee bill. The
     previous question shall be considered as ordered on the motion
     to its adoption without intervening motion. A motion to
     reconsider the vote by which the motion is disposed of shall not
     be in order.
          (3) Consideration.--The joint committee bill shall be
     considered as read. <<NOTE: Waiver.>> All points of order
     against the joint committee bill and against its consideration
     are waived. The previous question shall be considered as ordered
     on the joint committee bill to its passage without intervening
     motion except 2 hours of debate equally divided and controlled
     by the proponent and an opponent and one motion to limit debate
     on the joint committee bill. A motion to reconsider the vote on
     passage of the joint committee bill shall not be in order.
          (4) Vote on passage.--The <<NOTE: Deadline.>> vote on
     passage of the joint committee bill shall occur not later than
     December 23, 2011.

     (c) Expedited Procedure in the Senate.--
          (1) Committee consideration.--
     A <<NOTE: Reports. Deadline.>> joint committee bill introduced
     in the Senate under subsection (a) shall be jointly

[[Page 125 STAT. 264]]

     referred to the committee or committees of jurisdiction, which
     committees shall report the bill without any revision and with a

Case 4:23-cv-00114-P-BJ   Document 1   Filed 02/06/23   Page 36 of 41   PageID 36

favorable recommendation, an unfavorable recommendation, or
without recommendation, not later than December 9, 2011. If any
committee fails to report the bill within that period, that
committee shall be automatically discharged from consideration
of the bill, and the bill shall be placed on the appropriate
calendar.
        (2) Motion to proceed.--
Notwithstanding <<NOTE: Deadline.>> Rule XXII of the Standing
Rules of the Senate, it is in order, not later than 2 days of
session after the date on which a joint committee bill is
reported or discharged from all committees to which it was
referred, for the majority leader of the Senate or the majority
leader's designee to move to proceed to the consideration of the
joint committee bill. It shall also be in order for any Member
of the Senate to move to proceed to the consideration of the
joint committee bill at any time after the conclusion of such 2-
day period. A motion to proceed is in order even though a
previous motion to the same effect has been disagreed
to. <<NOTE: Waiver.>> All points of order against the motion to
proceed to the joint committee bill are waived. The motion to
proceed is not debatable. The motion is not subject to a motion
to postpone. A motion to reconsider the vote by which the motion
is agreed to or disagreed to shall not be in order. If a motion
to proceed to the consideration of the joint committee bill is
agreed to, the joint committee bill shall remain the unfinished
business until disposed of.
        (3) Consideration.--All points of order against the joint
committee bill and against consideration of the joint committee
bill are waived. Consideration of the joint committee bill and
of all debatable motions and appeals in connection therewith
shall not exceed a total of 30 hours which shall be divided
equally between the Majority and Minority Leaders or their
designees. A motion further to limit debate on the joint
committee bill is in order, shall require an affirmative vote of
three-fifths of the Members duly chosen and sworn, and is not
debatable. Any debatable motion or appeal is debatable for not
to exceed 1 hour, to be divided equally between those favoring
and those opposing the motion or appeal. All time used for
consideration of the joint committee bill, including time used
for quorum calls and voting, shall be counted against the total
30 hours of consideration.
        (4) No amendments.--An amendment to the joint committee
bill, or a motion to postpone, or a motion to proceed to the
consideration of other business, or a motion to recommit the
joint committee bill, is not in order.
        (5) Vote on passage.--If the Senate has voted to proceed to
the joint committee bill, the vote on passage of the joint
committee bill shall occur immediately following the conclusion
of the debate on a joint committee bill, and a single quorum
call at the conclusion of the debate if
requested. <<NOTE: Deadline.>> The vote on passage of the joint
committee bill shall occur not later than December 23, 2011.
        (6) Rulings of the chair on procedure.--Appeals from the
decisions of the Chair relating to the application of the rules
of the Senate, as the case may be, to the procedure

[[Page 125 STAT. 265]]

    relating to a joint committee bill shall be decided without
    debate.

    (d) Amendment.--The joint committee bill shall not be subject to
amendment in either the House of Representatives or the Senate.
    (e) Consideration by the Other House.--
        (1) In general.--If, before passing the joint committee

> (A) the joint committee bill of the other House
> shall not be referred to a committee; and
>         (B) the procedure in the receiving House shall be
> the same as if no joint committee bill had been received
> from the other House until the vote on passage, when the
> joint committee bill received from the other House shall
> supplant the joint committee bill of the receiving
> House.
>     (2) Revenue measure.--This subsection shall not apply to the
> House of Representatives if the joint committee bill received
> from the Senate is a revenue measure.

(f) Rules to Coordinate Action With Other House.--
        (1) Treatment of joint committee bill of other house.--If
    the Senate fails to introduce or consider a joint committee bill
    under this section, the joint committee bill of the House shall
    be entitled to expedited floor procedures under this section.
        (2) Treatment of companion measures in the senate.--If
    following passage of the joint committee bill in the Senate, the
    Senate then receives the joint committee bill from the House of
    Representatives, the House-passed joint committee bill shall not
    be debatable. The vote on passage of the joint committee bill in
    the Senate shall be considered to be the vote on passage of the
    joint committee bill received from the House of Representatives.
        (3) Vetoes.--If the President vetoes the joint committee
    bill, debate on a veto message in the Senate under this section
    shall be 1 hour equally divided between the majority and
    minority leaders or their designees.

(g) Loss of Privilege.--The <<NOTE: Deadlines.>> provisions of this
section shall cease to apply to the joint committee bill if--
        (1) the joint committee fails to vote on the report or
    proposed legislative language required under section
    401(b)(3)(B)(i) not later than November 23, 2011; or
        (2) the joint committee bill does not pass both Houses not
    later than December 23, 2011.
SEC. 403. <<NOTE: 2 USC 900 note.>> FUNDING.

    Funding for the joint committee shall be derived in equal portions
from--
        (1) the applicable accounts of the House of Representatives;
    and
        (2) the contingent fund of the Senate from the
    appropriations account ``Miscellaneous Items'', subject to the
    rules and regulations of the Senate.
SEC. 404. <<NOTE: 2 USC 900 note.>> RULEMAKING.

    The provisions of this title are enacted by Congress--
        (1) as an exercise of the rulemaking power of the House of
    Representatives and the Senate, respectively, and as such they
    shall be considered as part of the rules of each House,
    respectively, or of that House to which they specifically apply,

[[Page 125 STAT. 266]]

    and such rules shall supersede other rules only to the extent
    that they are inconsistent therewith; and
        (2) with full recognition of the constitutional right of
    either House to change such rules (so far as relating to such
    House) at any time, in the same manner, and to the same extent
    as in the case of any other rule of such House.

        TITLE V--PELL GRANT AND STUDENT LOAN PROGRAM CHANGES

Section 401(b)(7)(A)(iv) of the Higher Education Act of 1965 (20 U.S.C. 1070a(b)(7)(A)(iv)) is amended--
          (1) in subclause (II), by striking ``$3,183,000,000'' and inserting ``$13,183,000,000''; and
          (2) in subclause (III), by striking ``$0'' and inserting ``$7,000,000,000''.
SEC. 502. TERMINATION OF AUTHORITY TO MAKE INTEREST SUBSIDIZED
                    LOANS TO GRADUATE AND PROFESSIONAL
                    STUDENTS.

    Section 455(a) of the Higher Education Act of 1965 (20 U.S.C. 1087e(a)) is amended by adding at the end the following new paragraph:
          ``(3) Termination of authority to make interest subsidized loans to graduate and professional students.--
                ``(A) In general.--Subject to subparagraph (B) and notwithstanding any provision of this part or part B, for any period of instruction beginning on or after July 1, 2012--
                      ``(i) a graduate or professional student shall not be eligible to receive a Federal Direct Stafford loan under this part; and
                      ``(ii) the maximum annual amount of Federal Direct Unsubsidized Stafford loans such a student may borrow in any academic year (as defined in section 481(a)(2)) or its equivalent shall be the maximum annual amount for such student determined under section 428H, plus an amount equal to the amount of Federal Direct Stafford loans the student would have received in the absence of this subparagraph.
                ``(B) Exception.--Subparagraph (A) shall not apply to an individual enrolled in course work specified in paragraph (3)(B) or (4)(B) of section 484(b).''.
SEC. 503. TERMINATION OF DIRECT LOAN REPAYMENT INCENTIVES.

    Section 455(b)(8) of the Higher Education Act of 1965 (20 U.S.C. 1087e(b)(8)) is amended--
          (1) in subparagraph (A)--
                (A) by amending the header to read as follows: ``(A) Incentives for loans disbursed before july 1, 2012.--''; and
                (B) by inserting ``with respect to loans for which the first disbursement of principal is made before July 1, 2012,'' after ``of this part'';

[[Page 125 STAT. 267]]

          (2) in subparagraph (B), by inserting ``with respect to loans for which the first disbursement of principal is made before July 1, 2012'' after ``repayment incentives''; and
          (3) by adding at the end the following new subparagraph:
                ``(C) No repayment incentives for new loans disbursed on or after july 1, 2012.--Notwithstanding any other provision of this part, the Secretary is prohibited from authorizing or providing any repayment incentive not otherwise authorized under this part to encourage on-time repayment of a loan under this part for which the first disbursement of principal is made on or after July 1, 2012, including any reduction in the interest or origination fee rate paid by a borrower of such a loan, except that the Secretary may provide for an interest rate reduction for a borrower who agrees to have payments on such a loan automatically

030118/111

Cause Number: 1184360

| THE STATE OF TEXAS | § | IN THE COUNTY CRIMINAL COURT |
|---|---|---|
| vs. | § | NUMBER ___5___ OF |
| Jonathan Franklin | § | TARRANT COUNTY, TEXAS |

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through her Criminal District Attorney, and respectfully requests the Court to dismiss the above and numbered action for the reason:

- DM01   Insufficient Evidence. Specify:
- DM02   The Defendant was convicted in Cause Number 1168689 on the 02/17/2011.
- DM03   The complaining witness has requested dismissal – affidavit on file.
- DM04   The case has been refiled/reindicted as Cause Number: _____.
- DM05   The Defendant has never been apprehended.
- DM06   The Defendant is deceased – death certificate on file.
- DM07   Defendant granted immunity for testimony.
- DM08   Other. Specify:
- DM09   Prosecution is barred by the *Speedy Trial Act*.
- DM10   The Defendant has been placed in the deferred prosecution program.
- DM11   The Defendant has completed defensive driving school.
- DM12   The Defendant will pay Court Cost.
- DM13   The Defendant has completed Deferred Adjudication.

WHEREFORE, it is prayed that the above and entitled and numbered cause be dismissed.

Respectfully submitted,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

_____
ASSISTANT CRIMINAL DISTRICT ATTORNEY

FILED
FEB 17 2011
COUNTY CLERK, TARRANT CO. TEXAS
BY_____ Deputy

The foregoing petition having been presented to me on this the ___17___ day of ___Feb___ A.D., 2011, and the same having been considered, it is therefore ORDERED, ADJUDGED and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

_____
JUDGE PRESIDING

Case 4:23-cv-00114-P-BJ   Document 1   Filed 02/06/23   Page 40 of 41   PageID 40

SEC. 504. <<NOTE: 20 USC 1089 note.>> INAPPLICABILITY OF TITLE IV
                     NEGOTIATED RULEMAKING AND MASTER CALENDAR
                     EXCEPTION.

     Sections 482(c) and 492 of the Higher Education Act of 1965 (20
U.S.C. 1089(c), 1098a) shall not apply to the amendments made by this
title, or to any regulations promulgated under those amendments.

     Approved August 2, 2011.

LEGISLATIVE HISTORY--S. 365:
------------------------------------------------------------------------

CONGRESSIONAL RECORD, Vol. 157 (2011):
            Feb. 17, considered and passed Senate.
            Aug. 1, considered and passed House, amended.
            Aug. 2, Senate concurred in House amendment.

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff  _Tarrant_
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  _District of Columbia_
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
Plaintiff
- [ ] 3  Federal Question
*(U.S. Government Not a Party)*
- [X] 2  U.S. Government
Defendant
- [ ] 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [X] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original
Proceeding
- [ ] 2 Removed from
State Court
- [ ] 3 Remanded from
Appellate Court
- [ ] 4 Reinstated or
Reopened
- [ ] 5 Transferred from
Another District
*(specify)*
- [ ] 6 Multidistrict
Litigation -
Transfer
- [ ] 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_The Budget Control Act of 2011_
Brief description of cause:
_To reduce federal spending_

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  [ ] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____