IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JONATHAN FRANKLIN § | |
| § | |
| VS. § | CIVIL NO. 4:23-CV-114-P |
| § | |
| 112TH CONGRESS § | |

## ORDER RECOMMENDING DISMISSAL
## AND RETURNING CASE TO DISTRICT JUDGE

The above-styled and numbered action, which was filed by *pro se* Plaintiff Jonathan Franklin ("Franklin") on February 6, 2023, was automatically referred to the United States Magistrate Judge pursuant to a standing order of this Court. On May 8, 2022, the Court entered an Order Requiring Compliance With Local Rules in which it gave Franklin until May 26, 2023 to register as an electronic case filer or file a motion for exemption from this requirement. The Order further stated that "[f]ailure to comply . . . may result in appropriate sanctions, including recommending dismissal of this case." On May 9, 2022 the Court also entered an Order Regarding Failure to File Proof of Service in which it gave Plaintiff until May 26, 2022 to file "either proof of proper service as required by Rule 4.1 of the Local Civil Rules of the Northern District of Texas or an instrument in affidavit form establishing good cause why such proof cannot be filed." The Order further stated that Plaintiff's failure to comply would result in the Court recommending dismissal of this action without further notice.

As of the date of this order, Plaintiff has wholly failed to comply with both orders of the Court. As to the Order Regarding Failure to File Proof of Service, the Court notes that, while Plaintiff had summons issued as to the Defendant on May 18, 2023 and filed an Amended Complaint on May 25, 2023, there is no proof of service on record. Consequently, the Court

**RECOMMENDS** that the above-styled and numbered cause be **DISMISSED** for failing to comply with the Court's orders.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until June 26, 2023** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 12, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE