UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JONATHAN FRANKLIN,**

  Plaintiff,

v.                                         No. 4:23-cv-0114-P

**112TH CONGRESS,**

  Defendant.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 18. The FCR recommends that the Court dismiss Plaintiff's Complaint for failure to comply with a court order. *Id*.

This case arises out of Plaintiff's attempt to sue the 112th Congress of the United States based on his dissatisfaction with the federal budget of 2011. Plaintiff filed this action without proof of service. Plaintiff was ordered to file proof of the filing of proper service of process no later than May 26, 2023, or suffer the dismissal of his case. On May 18, Plaintiff filed proof of a summons that was never served. On May 25, Plaintiff filed an Amended Complaint and Certificate of Interested Persons with no other proof of service. On June 12, the Magistrate Judge issued his FCR, and issued Plaintiff a deadline of June 26 to object to the FCR. Plaintiff objected on June 27.

A court may dismiss a case sua sponte for "[a plaintiff's failure] to prosecute or to comply with . . . a court order." FED. R. CIV. P. 41(b).

Here, as of the date of the Magistrate Judge's FCR—let alone the original deadline set by the Magistrate Judge—Plaintiff failed to adduce any proper proof of service upon Defendant. At most, Plaintiff now

attempts to cure this deficiency by filing a proof of service from 2011 in relation to the claim he did not file until 2023. Thus, either Plaintiff is filing a fraudulently back-dated proof of service, or he has yet to serve anyone in connection with the Court's Order from May or his live Amended Complaint. In any event, Plaintiff's June 27 filing of this "proof of service" is untimely, and he still stands in violation of the Magistrate Judge's Order directing him to serve Defendant no later than May 26, 2023. The consequence of that violation is dismissal of his case as authorized by Federal Rule 41(b).

Thus, for the reasons stated in the Magistrate Judge's FCR, this Court concludes that Plaintiff's claim fails as a matter of law and must be **DISMISSED without prejudice**.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR, and Plaintiff's Objections and Responses, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 18) and **OVERRULES** Plaintiff's Objections (ECF No. 19). Plaintiff's case is **DISMISSED without prejudice.**

**SO ORDERED** on this **24th day** of **July 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE